## CUDAHY PACKING CO. v. NATIONAL LABOR RELATIONS BOARD.

### No. 2124.

Circuit Court of Appeals, Tenth Circuit.

Jan. 21, 1941.

Rehearing Denied March 14, 1941.

Fred Robertson, of Kansas City, Kan. (Thomas Creigh, of Chicago, Ill., and Edw. M. Boddington and J. O. Emerson, both of Kansas City, Kan., on the brief), for appellant.

Joseph A. Hoskins, Atty., National Labor Relations Board, of Washington, D. C. (Robert B. Watts, Associate Gen. Counsel, Malcolm F. Halliday, Asst. Gen. Counsel, and A. Norman Somers, Atty., National Labor Relations Board, all of Washington, D. C., on the brief), for appellee.

[16] Cf. presumption in favor of innocence and against fraud.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This proceeding challenges the right of the National Labor Relations Board, herein called the Board, to an order of the District Court of the United States for the District of Kansas to compel the Cudahy Packing Company, herein called the Company, to respond to a subpoena duces tecum.

A controversy arose among the employees in the Company's plant in Kansas City, Kansas, concerning who was entitled to be recognized as the bargaining agency of the employees in their dealings with the Company. On June 7, 1937, a petition was filed with the Regional Director of the Board setting out these facts and asking that the Board determine the bargaining agency for such purposes. An investigation was thereupon instituted. While it was in progress a charge of unfair labor practices was filed against the Company. February 1, 1938, the Board ordered the consolidation of the representation case and the unfair labor practice case. On November 4, 1939, the Board handed down its decision, finding the Company guilty of certain unfair labor practices and determined that the question of representation could best be resolved by secret ballot among the employees of the Company in such unit. On February 10, 1940, the Board directed that an election by secret ballot be conducted among the employees constituting the appropriate unit.

As an aid to the Board in conducting the election and determining who were entitled to vote, the Board requested certain pay roll and employment data. The Company refused to comply with this request, whereupon the Board issued a subpoena duces tecum demanding the pay roll records of the Company for the week ending February 3, 1940. The Company failed to obey the subpoena and still refused to produce the records. The Board thereupon filed an application with the District Court of the United States for the District of Kansas praying that the Company be directed to appear and show cause why the subpoena should not be complied with. The Company filed its answer, issues were joined, and after a hearing before the court, an order and judgment were entered directing the Company to respond to the subpoena. From this judgment an appeal has been taken to this court. The representation and unfair labor practice case, wherever necessary, will be referred to as the principal case.

The National Labor Relations Act provides, § 159 (c), 29 U.S.C.A., that: "Whenever a question affecting commerce arises concerning the representation of employees, the Board may investigate such controversy and certify to the parties, in writing, the name or names of the representatives that have been designated or selected. In any such investigation, the Board shall provide for an appropriate hearing upon due notice, either in conjunction with a proceeding under section 160 of this title or otherwise, and may take a secret ballot of employees, or utilize any other suitable method to ascertain such representatives."

§ 160, 29 U.S.C.A., makes it the duty of the Board to prevent unfair labor practices. § 161 provides in substance that for the purpose of all hearings and investigations the Board shall be entitled to a copy of any evidence of any person being investigated or proceeded against that relates to any matter under consideration. § 161 (2) provides that in case of contumacy or refusal to obey a subpoena, the proper District Court of the United States, upon application by the Board, shall have jurisdiction to issue an order requiring such person to appear before the Board and produce evidence, if so ordered, or there give testimony touching the matter under investigation or in question, and that failure to obey such order of the court may be punished by the court as a contempt thereof.

The Company does not contend that the Board generally is without power to subpoena witnesses or to compel production of proper records in appropriate proceedings before it. It does not, nor could it, contend that the evidence sought by the Board does not relate to the subject under investigation. But it is asserted that the order of the Board in the principal case is void, first, because the Board was guilty of capricious, arbitrary and fraudulent conduct, and second, because of inordinate delays in the principal case the proceedings have spent their force and the Board has surrendered jurisdiction and is without further power to proceed; that therefore no valid proceeding is pending before the Board.

It would serve no useful purpose to unnecessarily extend this opinion by a detailed recitation of the proceedings in the principal case. It is sufficient to say that we have given consideration to the Company's contention and have examined the record with care, and find that these charges are wholly without merit. Whether the

findings of the Board are sustained by competent evidence is another matter. That is to be determined in the principal case and may not be litigated in this proceeding.

■ The Company contends that this suit to enforce obedience to the subpoena issued by the Board in the representation proceedings pending before it is an independent controversy, separate and apart from the principal case; that such a proceeding must be instituted by the filing of a complaint in which the parties should be designated plaintiff and defendant and not petitioner and respondent; that process should be issued and that the issues should be framed as in an ordinary action at law or equity. It charges that the court was wrong in considering this proceeding as ancillary to the principal case. It cites in support of its position Interstate Commerce Commission v. Brimson, 154 U.S. 447, 14 S.Ct. 1125, 38 L.Ed. 1047. All that was decided in the Brimson case was that the order and judgment of the court in a subpoena case was a final order from which an appeal could be taken. The question whether such a proceeding is ancillary or independent was not considered or decided.

The act provides that in proceedings before the Board the rules of evidence prevailing in courts of law or equity shall not be controlling. It authorizes the Board to adopt rules and regulations necessary to carry out the provisions of the act. The only review of the Board's orders is by direct petition to the Circuit Court of Appeals. The only power conferred upon the District Court is to issue an order directing obedience to a subpoena by the Board in a proceeding under consideration before it. Certainly such a proceeding is not complete in itself. It comes into being only as an aid to a proceeding pending before the Board. Aside from that, it has no purpose.

The Company's contention that a suit to enforce obedience to a subpoena must be begun by the filing of a complaint and issuance of process is not borne out by the act. The act specifically provides that upon refusal to obey a subpoena the Board may file an application with the proper District Court and thereupon the court shall have jurisdiction to issue to such person an order requiring him to appear before the Board and to produce evidence touching the matter under investigation or in question.

■ The only limitation upon the power of the Board to compel the production of documentary or oral evidence is that it must relate to or touch the matter under investigation or in question. The Board may not go beyond this limitation and pry into the affairs of a business concern generally.

■ When an application is filed with a District Court for an order requiring obedience to a subpoena it may inquire only to ascertain that a proceeding is pending before the Board of which it has jurisdiction and that the evidence sought relates to or touches the matter under investigation. If these facts are found to exist, it is the duty of the court to order obedience to the subpoena.

The only defenses that a respondent may assert in such a proceeding are that the proceeding in which the evidence is sought is not one of which the Board has jurisdiction or that the evidence does not relate to or touch the matter under consideration. It may not in such a proceeding assert its defenses in the principal case.

The order of the District Court is affirmed.