Francis SPERANDEO, Acting Regional Director of the Twenty-Seventh Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Appellant,

v.

MILK DRIVERS AND DAIRY EMPLOYEES LOCAL UNION NO. 537, Appellee.

No. 7537.

United States Court of Appeals Tenth Circuit.

June 8, 1964.

Rehearing Denied Aug. 26, 1964.

James T. Youngblood, Washington, D. C. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Julius G. Serot, Asst. General Counsel and Stanley A. Mestel and Frank H. Itkin, Attorneys, N. L. R. B., on the brief), for appellant.

Philip Hornbein, Jr., Denver, Colo. (R. O. Goldin, Denver, Colo., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

Appellant, the Acting Regional Director of the Twenty-Seventh Region of the National Labor Relations Board, brought this action against the appellee union to obtain an injunction under 29 U.S.C.A. § 160(*l*), pending final disposition of the matters involved before the National Labor Relations Board. A Show Cause Order was issued and respondent union answered, alleging affirmatively that petitioner, prior to instituting the action, had failed to conduct a hearing as required by the stat-

ute under which the injunction was sought and that petitioner had acted arbitrarily, capriciously and abused his discretion.

Prior to the return date of the Show Cause Order, counsel for the union caused a subpoena duces tecum to be issued out of the office of the Clerk of the Court, commanding the Regional Director of the National Labor Relations Board to appear on the return date and testify on behalf of the union, as an adverse witness, in the injunction action and to bring with him all records, reports, files, memoranda and correspondence, except statements and affidavits of witnesses, pertaining to the Board's Case Numbers 27–CE–1 and 27–CA–1303.[1] The petitioner moved to quash the subpoena duces tecum on the following grounds: (1) That the rules and regulations of the Board forbid the disclosure or production of information, files, records or documents of the Board without the prior consent of the Board or its general counsel; (2) that the documents covered by the subpoena are official papers of the Board and neither the Board nor the general counsel had granted the requisite written consent for their disclosure; and (3) the general counsel had not granted the requisite written consent for the witness to testify.

The court below heard the arguments on the Motion to Quash and denied the same.[2] In the order of denial, the court included a provision allowing the witness to submit all of the files and documents requested in the subponea to it in camera, prior to production, for the purpose of enabling the court to make a determination as to which documents, if any, should be produced. The order also expressly provided that it was made "without prejudice to the right of Petitioner to object to any question which may be propounded by respondent to the witness."

Petitioner's counsel, in chambers, advised the court that the files and records would be submitted to the court in camera as ordered, but only if he could reserve the right to thereafter decline to comply with the court's order and dismiss the action in the event the court ruled that any part of the records should be produced in open court. The trial judge then made certain, in open court, that petitioner's position as to production of the records remained as it had been expressed in chambers. Counsel for respondent moved for a dismissal of the case because of petitioner's refusal to comply with the order of the court and the court entered an order of dismissal, from which this appeal arises.

Appellant says in substance that the order of dismissal was erroneous because there was no merit to the defenses raised by the union and further that the Motion to Quash the subpoena should have been sustained because the union did not make a showing of good cause for production of the documents re-

---

1. These were the National Labor Relations Board case numbers pertaining to the controversy between the parties.

2. "A hearing having been held on July 16, 1963, on the motion of Petitioner to quash a subpoena duces tecum issued by the Court commanding Clyde F. Waers to appear in this Court on said date and to bring with him certain documents, and the Court having considered the contents of said motion, the affidavit and memorandum filed in support thereof, and the pleadings of the parties, and having heard the statements of respective counsel, and being sufficiently advised in the premises,

"Doth Order:

"1. Petitioner's Motion to Quash Subpoena is denied.

"2. Clyde F. Waers, the witness named in the subpoena, shall have the right, prior to producing any of the subpoenaed documents, to submit such documents to the Court, in camera, and the Court will then determine the propriety of requiring the production of said documents.

"3. This order is without prejudice to the right of Petitioner to object to any question which may be propounded by respondent to the witness, Clyde F. Waers.

"Done at Denver, Colorado, this 26th day of July, 1963.

"By The Court:
Alfred A. Arraj
United States District Judge."

quested. Appellee, to sustain the dismissal, urges that the question of privilege raised by appellant in its Motion to Quash was for the trial court to decide and that appellant had no right to reserve to itself the right to review and reject the court's decision on the issue.

 At the outset, we deem the appellant's conditional offer to abide the court's order for an in camera examination of the documents as tantamount to a refusal to comply with that order and it will be so considered. Such an order cannot be conditionally accepted by a governmental agency, or the head thereof, any more than it could be so accepted by any private litigant. And, while this action was brought by the appellant in his official governmental capacity, he is in no different position than any ordinary litigant and is, therefore, bound by the discovery provisions of the Federal Rules of Civil Procedure in the same respects as any ordinary litigant.[3] As the Supreme Court said in United States v. Procter & Gamble Co., 356 U.S. 677, 681, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077: " * * * The Government as a litigant is, of course, subject to the rules of discovery. * * * " At the same time, the policy of withholding information based upon a claim of privilege has not been abolished.[4]

█ It is a generally accepted rule of evidence that the Government, or an agency thereof, is entitled in a court of law to a privilege against revealing state secrets of a diplomatic or military nature.[5] But, there is nothing in this case pertaining to a state secret. Accordingly, the only basis for a claim of privilege in this case must be found in either the well recognized "work product" rule [6] or by virtue of the Board's regulation, promulgated pursuant to 5 U.S.C.A. § 22,[7] which provides: "No regional director * * * shall produce or present any files, documents, reports, memoranda, or records of the Board or testify in behalf of any party to any cause pending in any court * * * with respect to the contents of any files, documents, reports, memoranda, or records of the Board, whether in answer to subpena [sic.], subpena [sic.] duces tecum, or otherwise, without the written consent * * * " of the Board or its chairman or the general counsel, depending upon which one of them has control of the document in question. 29 U.S.C.A.App. § 102.118.

█ It is for the Court, and not the governmental agency or executive branch, to determine whether documents sought to be withheld under a claim of privilege are entitled to the protection of that privilege.[8] In this case, the

---

3. Mitchell v. Bass, 8 Cir., 252 F.2d 513; Mitchell v. Roma, 3 Cir., 265 F.2d 633; Durkin v. Pet Milk Co., 14 F.R.D. 385 (W.D.Ark.1953); 4 Moore's Federal Practice, § 26.25 [6. — 1], pp. 1581–1584.

4. Wirtz v. Continental Finance & Loan Co. of West End, 5 Cir., 326 F.2d 561; Mitchell v. Roma, supra.

5. United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727, 32 A.L.R.2d 382; Totten v. United States, 92 U.S. 105, 23 L.Ed. 605; Bernstein v. United States, 10 Cir., 256 F.2d 697, cert. dismissed, 358 U.S. 924, 79 S.Ct. 296, 3 L. Ed.2d 298; and Annotations, 95 L.Ed. 425; 97 L.Ed. 735; 32 A.L.R.2d 391.

6. Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385, 91 L.Ed. 451; Bernstein v. United States, supra.

7. Section 22 provides:
"The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it. This section does not authorize withholding information from the public or limiting the availability of records to the public."

8. United States v. Reynolds, supra; Mitchell v. Bass, supra; N. L. R. B. v. Capitol Fish Company, 5 Cir., 294 F.2d 868; Overby v. United States Fidelity and Guaranty Co., 5 Cir., 224 F.2d 158; Machin v. Zuckert, 114 U.S.App.D.C. 335, 316 F.2d 336, cert. denied, 375 U.S. 896, 84 S.Ct. 172, 11 L.Ed.2d 124; Boeing Airplane Company v. Coggeshall, 108 U.S.App.D.C. 106, 280 F.2d 654.

court properly sought to make such a determination, by ordering the documents to be submitted for an in camera examination.[9] Appellant, in effect, refused to comply with that order and thereby sought to do that which he can not do, namely, determine whether the documents were privileged.

Moreover, while appellant does not cite or discuss the case of Olson Rug Company v. N. L. R. B., 7 Cir., 291 F.2d 655, we believe it is squarely in point here. The Court of Appeals there had entered an enforcement order against Olson and thereafter the Board filed a petition seeking to have Olson adjudged guilty of contempt of the enforcement order. The court appointed a special master to take testimony and make findings and conclusions. Olson sought to compel the Board, by a subpoena duces tecum, to produce its files and records at the hearing before the master. The master ordered the Board to turn the files and records over to him for his examination in camera, the Board objected and the master certified the question to the Court of Appeals for interlocutory review. The court said that in such situations there must be a balancing of the need for production of the documents claimed to be privileged against the reasons for suppressing them and that where there is a need for them to preclude prejudice and unfairness, i. e., good cause, " * * * an agency regulation or conditional executive privilege cannot stand in the way of necessary discovery." (291 F.2d at 662.) It was held that the files and records should be turned over to the master for an in camera examination.

■■ Appellant urges that there is not a sufficient showing of good cause for issuance of the subpoena duces tecum. However, it must be remembered that this is an equitable action in which the maxims of equity are fully applicable and under the express terms of the statute the lower court has discretionary power to issue or deny an injunction. One of the defenses asserted by the appellee union is that the appellant has acted arbitrarily and capriciously in bringing the action. This defense is buttressed by a showing that appellant has not sought relief against two other parties who, it is alleged, engaged in the same illegal conduct as appellee. Thus, the appellant's good faith is squarely in issue and, obviously, the documents requested by the subpoena may be relevant to that issue. We believe the lower court was justified in concluding that good cause was shown for production of those documents. It may well be that part or all of the documents are privileged or for some other legal reason are not subject to disclosure or would not be admissible into evidence in the case. But that determination must be made by the trial court and not by a litigant in the case. Therefore, when appellant refused to produce the documents in response to the court's order, the court properly invoked the sanctions provided by the Rules and dismissed the case.[10]

Affirmed.

---

9. In 4 Moore's Federal Practice, § 26.25 [6.—4], pp. 1598 and 1599, it is said: " * * * In other words, when the United States instituted the Cotton Valley case [United States v. Cotton Valley Operators Committee, 9 F.R.D. 719 (W.D.La.1949), aff'd, 339 U.S. 940 [70 S. Ct. 793, 94 L.Ed. 1356] the federal judicial power was invoked and the court not only had the power to render a decision on the merits, for or against the United States, but it had the power and duty to decide matters preliminary to trial, such as a motion to produce the documents in question. And the court adopted a course of action that fairly safeguarded any legitimate interest the Government, as a litigant, had in maintaining the secrecy of the documents— the governmental documents were first to be submitted to the court, and if it sustained the Government's claim the defendants would not have had access to the documents and the information contained in them would not have been disclosed to the defendants. Had the district court's ruling required disclosure, the Government could have tested its correctness, prior to disclosure, by appropriate appellate procedure. * * * "

10. 4 Moore's Federal Practice, § 26.25 [6. — 4], pp. 1599–1601.