The MERCHANTS NATIONAL BANK AND TRUST COMPANY OF FARGO, a corporation, as Administrator and Personal Representative of the Estate of Eloise A. Newgard, deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 4185.

United States District Court
D. North Dakota,
Southeastern Division.

Dec. 29, 1966.

John D. Kelly, Wattam, Vogel, Vogel, Bright & Peterson, Fargo, N. D., for plaintiff.

John O. Garaas, U. S. Atty., Fargo, N. D., for defendant.

## MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

On July 13, 1966, the Plaintiff moved pursuant to Fed.Rules Civ.Proc., Rule 34, 28 U.S.C.A., for production of certain documents by the Defendant, among which were "[a]ll records, reports, correspondence and documents, including disability claim papers, under the care, custody or control of defendant at any time in the possession of the United States Social Security Administration relating to William Bry Newgard."

On July 25th 1966, the Defendant objected to the furnishing of the documents, setting out that:

"As to Motion No. 6, relative to the Social Security Administration, the Defendant objects to the obtaining of these records as an unnecessary burden on the office of the United States Attorney. While it is true that the general term, United States of America, which is the Defendant in this case, refers to all the various departments, bureaus and agencies, it should be well known to Plaintiff's counsel that as a practical matter in order to obtain records from agencies other than the Veterans Administration or the Department of Justice, the two agencies most intimately connected with this lawsuit, certain clerical procedures must be followed. Since the Plaintiff is the Administrator of the Estate of Eloise A. Newgard and represents the children in

this lawsuit, it would be able to obtain these records directly from the Social Security Administration."

On August 15, 1966, the Defendant filed what was styled, "FIRST SUPPLEMENTAL ANSWER TO MOTION FOR PRODUCTION OF DOCUMENTS UNDER RULE 34," in which reference was made to the documents in this manner:

"After the United States was served with Motion for Production of Documents in the possession of the United States Social Security Administration relative to William Bry Newgard, request was made by the United States Attorney's Office for such production. The Regional Attorney, Office of the General Counsel, Department of Health, Education and Welfare at 601 East 12th Street, Kansas City, Missouri, 64106, has informed us that the provision of the Social Security Act (42 U.S.C.A. Section 1306) states that these records cannot be disclosed pursuant to Section 1106(a) excepting in accordance with the regulations prescribed by the Secretary of Health, Education and Welfare and said section provides for criminal penalties in violation thereof. 20 CFR, Chapter III, Part 401 has been adopted and allows the Department of Justice to receive these but only for the purpose of administering the terms of the Social Security Act under Title II, VIII and IX of the Social Security Act. See Section 401.3 (d). Even in such cases where the Justice Department is able to secure such records for the purpose of administering the Social Security Act, these records can be secured only upon the written request of the Attorney General or an official of the Justice Department duly authorized to make such request. See Section 401.3(p). It would appear to the undersigned that the Social Security records would not be available to the United States Attorney as the purpose for which they are wanted is not to administer the Social Security Act. Section 401.3(i) provides for disclosure to Federal officers who are investigating or prosecuting the violation of certain named Federal statutes. 401.3(a) precludes the release of any medical information to anyone except a physician or a medical institution where he is a patient.

"In view of my inability to secure these records for the plaintiff, I suggest the plaintiff attempt to get these records by using the authority of the guardian of the person and guardian of the estate of William Bry Newgard or possibly considering the use of a subpoena. The undersigned takes no position as to the success of these two methods as I have not researched these methods of securing documents."

An order was entered October 13, 1966, directing the Defendant to produce, among other things, the designated documents within twenty (20) days thereof, this Court being satisfied that the Plaintiff had made a showing of good cause as required by Rule 34. No claim of privilege has been raised by the Defendant.

On October 26, 1966, the Defendant moved the Court for an order seeking amendment to this order, deleting that portion requiring the production of Social Security documents. Accompanying the motion was the affidavit of Carl C. Hall, Assistant Director, Operations, Bureau of Disability Insurance, Social Security Administration, Department of Health, Education and Welfare, Baltimore, Maryland, official custodian of the records. The affidavit sets forth verbatim Section 1106(a) of the Social Security Act, 42 U.S.C.A. § 1306(a); Section 401.2 of Social Security Administration Regulations, No. 1, 20 CFR 401.2; Section 401.3 of Social Security Administration Regulations, No. 1, 20 CFR 401.3; and concludes as follows:

"In accordance with section 1106(a) of the Social Security Act, 42 U.S.C. 1306(a), I, therefore, respectfully decline to disclose any information in the Department's files relating to William B. Newgard."

Sec. 1106(a) of the Act, 42 U.S.C.A. § 1306, provides, among other things, that:

"No disclosure of any return or portion of a return * * * or of any file, record, report or other paper, or any information, obtained at any time by the Secretary of Health, Education, and Welfare * * * or by any officer or employee of the Department of Health, Education, and Welfare * * * in the course of discharging their respective duties under this chapter, * * * shall be made except as the Secretary of Health, Education, and Welfare * * * may by regulations prescribe. * * *"

Under this section the Secretary prescribed regulations which provide in part that:

"Any request or demand for any such file, record, report, or other paper, or information, disclosure of which is forbidden by this part, shall be declined upon authority of the provisions of section 1106 of the Social Security Act, and this part prescribed thereunder. If any officer or employee of the Department is sought to be required, by subpena or other compulsory process, to produce such file, record, report, or other paper, or give such information, he shall respectfully decline to present such file, record, report, or other paper, or divulge such information, basing his refusal upon the provisions of law, and this part prescribed thereunder." 20 CFR 401.2.

Thus the question here appears to be whether the Secretary can, by regulation, prevent the production of documents in his care, custody and control, when the Plaintiff in a Federal Torts Claim Action, 28 U.S.C.A., Sec. 1346, has moved for their production under Rule 34, Fed.Rules Civ.Proc., after a showing of good cause and where the Defendant has made no claim of privilege.

In contending that the documents sought cannot be disclosed under regulations prescribed by the Secretary of Health, Education and Welfare pursuant to statute, the claim of Governmental privilege has, in effect, been raised.

While the statute gives the Secretary the right to restrict disclosure, "Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L. Ed. 727.

The statute's " * * * language would not appear to relate to disclosures pursuant to discovery proceedings under the Federal Rules of Civil Procedure and subject to supervision by the Court. Disclosure in these instances is not a publication. By protective order, the Court can limit the use of the information as is appropriate. Moreover, documents produced on discovery are not open to the public and even if subsequently received in evidence may be withheld from public inspection if necessary." Rosee v. Board of Trade of City of Chicago (N.D.Ill., E.D., 1964), 35 F.R.D. 512. See also Timken Roller Bearing Company v. United States (N.D.Ohio, E.D., 1964), 38 F.R. D. 57.

The motion of the Defendant to amend the order to produce is denied. If the Government persists in refusing to make the documents available to the Plaintiff, they will be submitted to the Court *in camera* for examination and further ruling.