606 F.2d 929
 102 L.R.R.M. (BNA) 2528, 87 Lab.Cas. P 11,588
 NATIONAL LABOR RELATIONS BOARD on Relation of INTERNATIONAL
UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS,
AFL-CIO-CLC, Petitioners-Appellees,
v.
DUTCH BOY, INC., GLOW LITE DIVISION and Dutch Boy, Inc., EOD
Division, Respondents-Appellants.
NATIONAL LABOR RELATIONS BOARD, Petitioner-Appellee,
v.
DUTCH BOY, INC., GLOW LITE DIVISION, Respondent-Appellant.
 Nos. 78-1433, 78-1434.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted Jan. 24, 1979.
Decided Oct. 4, 1979.
 
 Richard L. Barnes of Kothe, Nichols & Wolfe, Inc., Tulsa, Okl., for respondents-appellants.
 Richard B. Bader, Atty., Washington, D. C. (Aileen A. Armstrong, Asst. Gen. Counsel for Sp. Litigation, John S. Irving, General Counsel, John E. Higgins, Jr., Deputy General Counsel, Robert E. Allen, Acting Associate Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., with him on the Brief), for petitioners-appellees.
 Before SETH, Chief Judge, and BARRETT and LOGAN, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 This is an appeal from an order of the district court enforcing three subpoenas duces tecum directed to two divisions of Dutch Boy, Inc. (Dutch Boy), pursuant to section 11(2) of the National Labor Relations Act (the Act), 29 U.S.C. § 161(2). The order also dismissed Dutch Boy's cross-application for enforcement of a subpoena duces tecum it directed to a representative of the General Counsel of the National Labor Relations Board (Board). Dutch Boy's subpoena previously had been revoked by the administrative law judge conducting the underlying unfair labor practice proceedings.
 
 
 2
 The issues we must resolve are whether the trial court properly dismissed Dutch Boy's cross-application and whether the trial court abused its discretion in enforcing the Board's subpoenas.
 
 
 3
 On February 17 and April 7, 1977, a union seeking to represent certain Dutch Boy employees filed with the Board unfair labor practice charges alleging, Inter alia, Dutch Boy had threatened to close its plant if the employees elected the union to be their bargaining representative. On April 25, 1977, the charges were settled with the approval of the Board. In the settlement Dutch Boy agreed it would not threaten to close the plant or interfere in any way with its employees' exercise of their rights under the Act.
 
 
 4
 Thereafter, a Board-conducted representation election was held, which the union lost. After the election, the union filed various new unfair labor practice charges against Dutch Boy, among which was an assertion Dutch Boy had discriminatorily laid off a large number of employees, most after execution of the settlement agreement and after the union had filed its election petition, in order to discourage employees from voting for the union.
 
 
 5
 The Board's regional director investigated the charges and concluded that Dutch Boy had violated the agreement. He therefore set aside the agreement and issued an administrative complaint alleging that Dutch Boy had engaged in a continuing and pervasive campaign of unfair labor practices from February 1977 until after the representation election was held in July 1977.
 
 
 6
 Thereafter, a consolidated hearing on the union's election objections and the unfair labor practice charges was held before an administrative law judge. During the hearing the administrative law judge revoked a subpoena duces tecum issued by Dutch Boy, because the Board's general counsel, invoking 29 C.F.R. 102.118,[1] refused to consent to the production request. After revoking the Board's first subpoenas as overbroad, the administrative law judge refused to quash later Board subpoenas, finding them sufficiently limited and relevant to the Board's case. Many of the documents sought by the Board related to whether Dutch Boy artificially created the need to lay off a large number of employees, in effect carrying out a threat to terminate plant operations.
 
 
 7
 Dutch Boy allowed the Board access to some, but not all, of the requested documents. After the hearing was recessed indefinitely to allow the Board to seek enforcement of the subpoenas, Dutch Boy advised that it would allow access to the documents only if the Board would reciprocate by allowing Dutch Boy access to Board files requested in the previously revoked subpoena. Dutch Boy asserts that information necessary to a defense against the underlying unfair labor practice charges it wishes to raise can only be found in the Board files.
 
 
 8
 The Board then initiated this action, seeking enforcement of its subpoenas. Dutch Boy moved to dismiss the Board's application and cross-applied for enforcement of its own subpoena. The district court, after a hearing, ordered enforcement of the Board's subpoenas, finding them to be directed to relevant documents, and dismissed Dutch Boy's cross-application for lack of jurisdiction.
 
 
 9
 * We hold the trial court correctly dismissed for lack of jurisdiction the cross-application for enforcement of Dutch Boy's previously revoked subpoena.
 
 
 10
 Section 11(2) of the National Labor Relations Act, 29 U.S.C. § 161(2), expressly grants district courts jurisdiction to enforce subpoenas issued in connection with proper Board investigations and hearings. The section conditions that grant of jurisdiction "upon application by the Board," however, and it is settled that a district court is without jurisdiction to hear a private application for enforcement of a subpoena. See, e. g., Wilmot v. Doyle, 403 F.2d 811, 814-16 (9th Cir. 1968).
 
 
 11
 Dutch Boy contends its cross-application is in the nature of a counterclaim; thus, once the district court's jurisdiction was invoked by the Board the court was empowered to hear its cross-application. A permissive counterclaim must be supported by independent jurisdiction. Interstate Nat'l Bank v. Luther, 221 F.2d 382, 390 (10th Cir.), Cert. dismissed, 350 U.S. 944, 76 S.Ct. 297, 100 L.Ed. 823 (1955). Since no independent jurisdiction supporting its claim exists, Dutch Boy must be contending that its cross-application is in the nature of a compulsory counterclaim falling within the ancillary jurisdiction of the court. See, e. g., Moore v. New York Cotton Exch., 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). The inherent character of a compulsory counterclaim, however, is that it is the type of claim which must be raised before the current tribunal or be forever lost to the claimant. See generally 6 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1409 (1971). Congress has empowered the courts of appeals to hear arguments like those raised by Dutch Boy when there is a final order of the Board, upon a petition to enforce, or to set aside, that final order. Sections 10(e) and (f), 29 U.S.C. §§ 160(e) and (f). Therefore, since Dutch Boy can raise its claims later in the underlying proceedings, we conclude its cross-application is not in the nature of a compulsory counterclaim, and the district court correctly dismissed it for lack of jurisdiction.
 
 II
 
 12
 Advancing several supporting contentions, Dutch Boy also argues that the district court erred by enforcing the Board's subpoenas. We disagree.
 
 
 13
 * Subpoenas issued by the Board pursuant to section 11(1), 29 U.S.C. § 161(1), are to be enforced by a district court upon application of the Board if the court finds "that a proceeding is pending before the Board of which it has jurisdiction and the evidence sought relates to or touches the matter under investigation." Cudahy Packing Co. v. NLRB, 117 F.2d 692, 694 (10th Cir. 1941). Unless we find the trial court arbitrarily ordered enforcement of the subpoena, without support in the record, we will not disturb its ruling. See Shotkin v. Nelson, 146 F.2d 402, 404 (10th Cir. 1944) (proceedings under the Second War Powers Act of 1942).
 
 
 14
 The trial judge found that all the records and documents sought by the Board directly related to the allegations in the complaint that formed the basis of the underlying unfair labor practice proceeding then pending. He also noted that the administrative law judge had previously ruled in favor of the Board on the relevancy question, and that, "other than the bare assertion . . . in the broadest of terms that such documents are not relevant, (Dutch Boy did not meet its) burden of showing by specific evidence why such documents do not relate to or touch the issues in controversy." A review of the record supports the trial court's determination, and we cannot overturn the decision on the ground that the court abused its discretion.
 
 B
 
 15
 Dutch Boy's principal argument against enforcement of the Board subpoenas is that procedural due process and fairness require denial of this enforcement if Dutch Boy is not allowed reciprocal production, I. e., enforcement of its subpoena. We hold that Dutch Boy cannot raise this issue at this stage of the proceeding because we do not have a final Board order.
 
 
 16
 Dutch Boy's argument is based on Sperandeo v. Milk Drivers & Dairy Employees Local Union No. 537, 334 F.2d 381 (10th Cir. 1964), in which we held that the Board cannot rely upon its own regulation, now 29 C.F.R. 102.118,[2] as the basis for denying discovery; whether documents sought from the Board are privileged is a matter for the trial court to resolve. See also In re Irving, 600 F.2d 1027 (2d Cir. 1979). We assume, for purposes of this argument, that the administrative law judge was wrong in denying Dutch Boy's subpoena request.
 
 
 17
 Sperandeo and Irving were both in different procedural postures than the instant case. The production requests were being ruled on directly by district courts; in this case the comparable tribunal was the administrative law judge, not the district court. Thus, Dutch Boy is in effect attempting to appeal the administrative law judge's decision to revoke the subpoena by casting its argument as a defense to the Board's enforcement application. For jurisdictional reasons already discussed it may not do so directly; we hold it may not do so indirectly by way of defense. See Storkline Corp. v. NLRB, 298 F.2d 276 (5th Cir. 1962).
 
 
 18
 Because private parties have administrative remedies and because piecemeal appeals will disrupt and delay resolution of labor disputes, parties opposing the Board may not interpose defenses to the merits of the underlying unfair labor practice charges in subpoena enforcement actions. E. g., Cudahy Packing Co. v. NLRB, 117 F.2d 692 (10th Cir. 1941); NLRB v. Frederick Cowan & Co., 522 F.2d 26 (2d Cir. 1975). Nor may procedural irregularities in the underlying administrative proceedings be raised as defenses unless the party can show that normal administrative remedies will not protect its rights. NLRB v. C. C. C. Associates, Inc., 306 F.2d 534 (2d Cir. 1964); Storkline Corp. v. NLRB, 298 F.2d 276 (5th Cir. 1962).
 
 
 19
 Dutch Boy argues that the Board's suppression of information deprives Dutch Boy of evidence crucial to a defense it wishes to raise against the unfair labor practice charges, and without relief at this time it will be forever foreclosed from the evidence. At this stage we cannot say that Dutch Boy's rights will be impinged in a way requiring judicial intervention. If Dutch Boy prevails on the merits in the unfair labor practice proceeding, then it cannot complain; if it loses, it will have ample opportunity to demonstrate prejudicial error in the administrative proceedings upon appeal from the final order of the Board.
 
 C
 
 20
 Dutch Boy also contends that the subpoenas were issued for the improper purpose of harassment. While the Board cannot issue a subpoena for a purpose not within the lawful exercise of its duties, the burden of showing the improper purpose is upon Dutch Boy, which did not meet that burden. See United States v. Powell, 379 U.S. 48, 58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). In essence, it claims that by waiting until the opening of the hearing before the administrative law judge, the subpoenas tied up the company's personnel and records just when both were essential to the preparation of its defense. Yet Dutch Boy presented no evidence to the trial court supporting this contention,[3] and it therefore fails.
 
 
 21
 We find no merit in the other arguments advanced by Dutch Boy on appeal.[4]
 
 
 22
 The judgment is AFFIRMED.
 
 
 
 [1]
 29 C.F.R. 102.118 is a Board-promulgated regulation, providing, with exceptions not pertinent here, that the Board, its officers or employees cannot testify or produce agency documents or information without the written consent of the Board, or in certain circumstances, of its chairman or general counsel
 
 
 [2]
 See note 1, Supra
 
 
 [3]
 The only evidence Dutch Boy put on was testimony of the Board's counsel and of the union's counsel. This evidence, if it proved anything, tended to show Dutch Boy's intransigence to the extent it did comply with the subpoena
 
 
 [4]
 Dutch Boy contends that most of the documents sought by the Board were irrelevant because they related to alleged conduct occurring prior to the filing of the election petition. This evidence, it asserts, cannot support the bargaining order requested in the administrative complaint. Because Dutch Boy did not raise this objection in the district court, we decline to consider it here and express no opinion on the viability of the theory of the objection. We reject as frivolous Dutch Boy's contention that after the Board's counsel had put on a bare prima facie case, Dutch Boy was free to refuse to produce at the hearing more subpoenaed documents. See section 11(1), 29 U.S.C. § 161(1). Also frivolous is its contention that the Board cannot subpoena documents that may relate only to a defense that may never arise; Congress has given the Board the power to subpoena information "that relates to any matter under investigation or in question." Id