**Melissa O'NEILL, et al., Plaintiffs,**

v.

**Martin ENGELS, et al., Defendants.**

**No. 89–0001–CIV.**

United States District Court,
S.D. Florida.

April 20, 1989.

Anthony Genova, Miami, Fla., Ned Mazer, Cherry Hill, N.H., Guy Brooks, Harrisburg, Pa., for plaintiffs.

Jay Solowsky, Walace, Engels & Pertnoy, Daniel Draper, Jr., Kubicki, Bradley, Draper, Gallagher & McGrane, Miami, Fla., for defendants.

Bruce Wishnefsky, pro se.

## ORDER ON PENDING MOTIONS

SCOTT, District Judge.

In preparation for the Criminal Contempt and Rule 11 Hearing scheduled in this case on April 28, 1989, Defendants' Counsel has noticed Bruce Wishnefsky for a deposition and directed him to bring all documents relating to Plaintiffs and Plaintiffs' Coun-

sel. Wishnefsky has filed a Motion for Protective Order and Motion to Quash, claiming that these documents "pertain entirely to the representation of persons making claims for benefits under the Social Security Act," and that he is therefore prohibited from disclosing them on the basis of the Social Security Act, 42 U.S.C. § 1306(a) and the attorney-client privilege. In addition, Wishnefsky has separately filed a Motion for Sanctions Due to Defendants' Issuing a Subpoena for Purposes of Harassment. Having considered the memoranda of Deponent and Defendants' Counsel, we proceed to dispose of the pending motions.

### I. MOTION FOR PROTECTIVE ORDER—MOTION TO QUASH

■ The Social Security Act prohibits the disclosure of "any file, record, report, or other paper, or information, obtained at any time *by any person from* the Secretary of Health and Human Services or the Secretary of Labor, as the case may be, or from any officer or employee of the Department of Health and Human Services or the Department of Labor," except as otherwise provided by federal law. 42 U.S.C. § 1306(a) (emphasis added). Wishnefsky cites this provision as grounds for withholding "all information obtained in the administration of social security programs." However, a plain reading of the statute indicates that it does not apply to information obtained from anyone other than federal social security officials. *See, e.g., St. Michael's Convalescent Hospital,* 643 F.2d 1369 (9th Cir.1981); *Gilley v. Travelers Insurance Co.,* 298 F.Supp. 47 (E.D.Tenn.1969).

In his motions, Wishnefsky has nowhere indicated the source of his information. To the extent that Wishnefsky has within his control social security information obtained from Plaintiffs, Plaintiffs' counsel, or anyone other than federal social security officials, he is precluded from invoking the Social Security Act as grounds for withholding the information. In conducting the deposition, Defendants' Counsel is instructed to inquire as to the source of any social

security information before requesting disclosure of the information itself, so that the record is clear should any further dispute arise.

■ In the interests of efficiency, the Court will proceed at this juncture to determine whether Wishnefsky is prohibited from disclosing social security information obtained from federal social security officials for purposes of discovery in this action. The Social Security Act permits disclosure where authorized by federal law. 42 U.S.C. § 1306(a). Under the Federal Privacy Act, records which would otherwise be withheld may be disclosed pursuant to court order. 5 U.S.C. § 552a(b)(11). Wishnefsky's deposition and production of documents relating to Plaintiffs and Plaintiffs' Counsel constitute material and relevant discovery in this case. Thus, even if Wishnefsky would otherwise be prohibited from disclosing this information, this Order triggers application of 5 U.S.C. § 552a(b)(11), and therefore the Social Security Act shall not serve as grounds for withholding the information. *See Tootle v. Seaboard Coast Line Railroad Co.*, 468 So.2d 237 (Fla. 5th DCA 1984). We conclude that the Social Security Act was not intended to prohibit disclosure for discovery purposes where Court supervision is available. *See Merchant's National Bank and Trust Co. v. United States*, 41 F.R.D. 266 (D.N.D.1966), and cases cited therein at page 268. Any privacy interests at stake here can be protected by way of a confidentiality order, should the parties wish to pursue that course.

Wishnefsky further claims that the attorney-client privilege prevents disclosure of the information at issue. We find that the record is insufficient at this time to enable us to determine whether the privilege applies. It would not be appropriate for the Court to make a finding on this issue based on the issuance of a subpoena for deposition and documents which have yet to be identified. Defendants' Counsel is instructed to inquire as to the basis of Wishnefsky's invocation of the privilege before making specific substantive inquiries. Should the record indicate that an attorney-client relationship existed, and that the information sought falls within the privilege, then the Deponent may refuse to answer questions calling for the disclosure of privileged information. However, Deponent and all Counsel are warned that the Court will not hesitate to impose appropriate sanctions should any violation of this Order occur during discovery. Given the nuances of the law governing the attorney-client privilege, Wishnefsky is further advised that the assistance of counsel in determining which questions call for the disclosure of privileged information would be of benefit to him in this proceeding.

## II. MOTION FOR SANCTIONS

■ We have reviewed Wishnefsky's Motion for Sanctions against Defendants and Defendants' Counsel and we find it to be wholly without merit. Wishnefsky has failed to establish any violation of the Federal Rules of Civil Procedure giving rise to imposition of sanctions. We have already ruled that discovery of Wishnefsky is relevant and material to this case, and we are unable to find any improper purpose in the issuance of the subpoena. As to Wishnefsky's allegation that Defendants' Counsel attempted to cause him to have Plaintiffs dismiss the case, we note that Plaintiffs dismissed the case voluntarily on April 4, 1989, one week before the attempt allegedly occurred.

## III. CONCLUSION

Based on the foregoing analysis, it is hereby ORDERED as follows:

1. Wishnefsky's Motion for Protective Order and/or to Quash is DENIED. Wishnefsky is ORDERED to appear at the deposition scheduled for April 21, 1989 and produce the subpoenaed documents.

2. Wishnefsky's Motion for Sanctions is DENIED.

Wishnefsky and Defendants' Counsel have been notified of the terms of this Order by telephone.

DONE and ORDERED.