**Loistean MASON, Plaintiff,**

v.

**SOUTH BEND COMMUNITY SCHOOL CORPORATION, Defendant.**

**No. 3:96–CV–293RM.**

United States District Court, N.D. Indiana, South Bend Division.

Nov. 10, 1997.

John C. Hamilton, Doran Blackmond Ready Hamilton and Williams, South Bend, IN, for Plaintiff.

Thomas J. Brunner, Jr., Kari A. Gallagher, Baker and Daniels, South Bend, IN, Thomas E. Wheeler, II, Kightlinger and Gray, Indianapolis, IN, for Defendant.

*MEMORANDUM AND ORDER*

MILLER, District Judge.

This cause comes before the court on the motion of South Bend Community School Corporation ("SBCSC") for an order requiring non-parties the Social Security Administration and its District Manager Thomas H. Potratz (collectively, "Social Security") to show cause why they should not be held in contempt of court for failing to comply with the court's July 31 order to produce certain documents. The order to show cause was entered upon SBCSC's motion after Social Security failed to respond to the July 31 order. The documents at issue are Social Security's records regarding the plaintiff in

this case, Loistean Mason, and were originally requested and subpoenaed by SBCSC on April 21, 1997.

A hearing was held on October 14; because Social Security presented several substantive arguments for the first time at the hearing, the court granted SBCSC. to and including October 21, 1997 to file materials responsive to defendant's arguments. The court—finding good cause to accept the defendant's brief that was filed one day late—now considers the merits of the parties' arguments.

### A. Whether Social Security is in contempt

Social Security refused to produce the documents without Ms. Mason's written consent. At the hearing, Social Security argued that its decision to withhold the records is mandated by regulations—45 C.F.R. § 2.5 and 20 C.F.R. § 401.180. Consequently, compliance with the court's order to produce the documents would require it to act contrary to valid agency regulations. Social Security also argues that the proper method for judicial review of an agency decision is by following procedures under the Administrative Procedure Act claim, not an order to compel followed by an order to show cause why the agency should not be held in contempt. In support of its position, Social Security cites to *Edwards v. United States Dep't of Justice*, 43 F.3d 312 (7th Cir.1994), and *United States ex rel. Lamers v. City of Green Bay*, 924 F.Supp. 96 (E.D.Wis.1996).

SBCSC argues that Social Security could have produced the documents requested without violating any valid agency regulation and that regulations actually mandate that Social Security produce the documents upon the order of a court of competent jurisdiction. There is no disagreement that under the doctrine of *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951), "a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations." *Edwards*, 43 F.3d at 316. *See also Bosaw v. Nat'l Treasury Employees' Union*, 887 F.Supp. 1199, 1211 (S.D.Ind. 1995). Rather, the disagreement lies in ascertaining whether the regulations applicable here prohibit Social Security from releasing Ms. Mason's records without her written consent, thus excusing Social Security's failure to comply with the court's order.

■ 20 C.F.R. § 401.100, which addresses disclosure of official records and information held by the Social Security Administration, states, *inter alia,* "Except as permitted by the Privacy Act and the regulations in this chapter, or if required by the FOIA, we will not disclose your record without your written consent." This regulation sets forth a general rule—Social Security does not disclose people's records without their written consent—that is subject to certain exceptions including the Privacy Act, the FOIA and other regulations. In light of this general rule, the party requesting the records bears the burden to show that release of the records without the written consent of the subject of the records is authorized under applicable law.

■ SBCSC identifies 5 U.S.C. § 552a of the Privacy Act as the applicable exception here. Section 552a(b)(11) states that:

No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be—
\*\*\*

Pursuant to the order of a court of competent jurisdiction.

SBCSC argues that 20 C.F.R. § 401.100 and 5 U.S.C. § 552a explicitly permit Social Security to release the requested records without Ms. Mason's written consent. This interpretation of the plain language of the cited statute and regulation is logical, but SBCSC overlooks two regulations cited by Social Security. 20 C.F.R. § 401.180—similar to § 401.100—directly addresses the disclosure of official records and information held by Social Security and specifically explains the Privacy Act's impact on Social Security's policies:

The Privacy Act allows us to disclose information when we receive an order from a court of competent jurisdiction. However,

much of our information is especially sensitive. Participation in social security programs is mandatory, and so people cannot limit what information is given to SSA. When information is used in a court proceeding, it usually becomes part of a public record, and its confidentiality cannot be protected. *Therefore, we treat subpoenas or other court orders for information under the rules in paragraph (b) of this section* (emphasis supplied).

(b) We generally disclose information in response to a subpoena or other court order if—

(1) Another section of this part would specifically allow the release; or

(2) The Commissioner of SSA is a party to the proceeding; or

(3) The information is necessary for due process in a criminal proceeding. *In other cases, we try to satisfy the needs of the courts while preserving confidentiality of information.*

§ 401.180 therefore creates certain circumstances where Social Security will disclose information pursuant to a subpoena or court order. While recognizing the validity of the provision of the Privacy Act which SBCSC relies upon, § 401.180 adds another hurdle by creating a presumption against disclosure in circumstances other than those enumerated. The second sentence of § 401.180(b)(3) does not authorize the release of the records for use in civil cases, but indicates that Social Security will try to meet the dual goals of assisting the court and preserving the confidentiality of the records. Although it is difficult to imagine how Social Security's conduct in this case could be viewed as an attempt to satisfy the needs of the court, it is equally difficult to read § 401.180(b)(3) as giving Social Security employees carte blanche to disclose records—much less mandating such disclosure—in every instance where a court issues an order compelling production and compliance.

SBCSC cites *O'Neill v. Engels*, 125 F.R.D. 518 (S.D.Fla.1989) for the proposition that "the Social Security Act was not intended to prohibit disclosure for discovery purposes where Court supervision is available." The court declines to follow *O'Neill*, particularly because it makes no reference to 20 C.F.R. § 401.180, a regulation that is controlling to

the issue before the court. Moreover, the issue of disclosure of Social Security records came before the *O'Neill* court in a considerably different posture: the subpoena duces tecum requesting the Social Security records was issued to a private attorney—not to a Social Security official—who happened to be in possession of the records.

SBCSC has not shown that it has the right—or that the court has the power—to compel the production of Ms. Mason's Social Security records without her signing a release. Conversely, Social Security has provided ample authority to convince the court that Social Security's regulations generally do not authorize the release of such records upon order of a court, even a federal court, in the absence of a special circumstance as defined by the statutes and regulations. Accordingly, the court cannot find by clear and convincing evidence that Social Security is in contempt. The court notes, however, that considerable resources would have been saved if Social Security had simply given the court notice of its position by filing a response to even one of (1) the request for the production of documents, (2) the motion to compel, (3) the order compelling production or (4) the order to show cause. Bringing its position to the court's attention at an earlier stage in the proceedings—rather than waiting until the latest possible moment to unveil its argument—is a preferred and more economical alternative to simply ignoring pleadings filed by parties and orders issued by this court.

### B. SBCSC's request to review under the APA

SBCSC argues that the court should treat the orders to compel and show cause as a request to review an agency's decision under the Administrative Procedure Act. *Edwards* makes clear that a proceeding for administrative review under the APA is the proper vehicle by which to obtain judicial review of a federal agency's decision. The court declines, however, to accept the invitation to simply relabel this discovery proceeding as an action that has properly been brought pursuant to the APA. Therefore, SBCSC's request is denied.

### C. Conclusion

The only issue before the court is whether Social Security had an obligation to comply with SBCSC's discovery request and is in contempt for failing to respond to the court's order. The court has ruled on those issues. Any further ruling would require Ms. Mason's participation. The court VACATES the court's order compelling non-parties the Social Security Administration and Thomas Potratz to produce documents responsive to SBCSC's discovery request (July 31, 1997 (docket # 55)), DISCHARGES the rule to show cause, and finds that the Social Security Administration and Thomas Potratz are not in contempt of court.

SO ORDERED.