Harvey Frank ROBBINS, Plaintiff,

v.

**Charles WILKIE, Darrell Barnes, Teryl Shryack, Patrick Merrill, Dave Stimson, Michael Miller, and Gene Leone, Defendants.**

No. 98–CV–201–B.

United States District Court,
D. Wyoming.

Nov. 4, 2003.

Marc Ryan Stimpert, Budd–Falen Law Offices, Cheyenne, WY, Thomas R. French, Ft. Collins, Co, for Plaintiff.

Thomas D. Roberts, U.S. Attorney's Office, Cheyenne, WY, for Defendants.

## ORDER VACATING JUDGE BEAMAN'S AMENDED ORDER OF OCTOBER 7, 2003 AND GRANTING PLAINTIFF'S REQUEST TO TAKE DEPOSITIONS

BRIMMER, District Judge.

This matter is before the Court on Plaintiff's Objections to Judge Beaman's Amended Order of October 7, 2003 and Request to Take Depositions. Upon reading the briefs, hearing oral argument, and being fully advised of the premises, the Court FINDS and ORDERS as follows:

### Statement of the Parties and Jurisdiction

Plaintiff, Harvey Frank Williams, is a resident of Wyoming. Plaintiff is the owner of the High Island Ranch in Hamilton Dome, Wyoming, which is located in Hot Springs County.

Defendant Charles Wilkie is a BLM area manager and line officer. Defendant Darrell Barnes is a BLM district manager. Defendant Michael Miller is a BLM investigative and law enforcement officer whose duties include investigating criminal offenses and making recommendations regarding prosecution. Defendants Gene Leone and Teryl Shryack are employees of the BLM.

The Court has exclusive jurisdiction over this matter pursuant to Fed.R.Civ.P. 72(a).

### Background

On October 6, 2003, Magistrate Judge William C. Beaman entered an **Order Granting Plaintiff's Emergency Motion to Compel the Appearance of Roger Bankert, Karen Hepp, John Elliot and Allan Kesterkee for Deposition.** Judge Beaman ordered, "[t]hat the deponents make themselves available to the plaintiff for depositions on October 7, 2003 in Cheyenne, Wyoming." (Order of October 6, 2003, p. 8). The four listed witnesses are all employees of the Bureau of Land Management ("the BLM"), Department of Interior, and work for the BLM in the State of Wyoming.

At 4:30 p.m. on October 6, 2002, Plaintiff's counsel called Defendant's counsel. Defendant's counsel stated he was going to file an objection to Judge Beaman's Order. The parties disagreed to whether a filing of an objection pursuant to Fed.R.Civ.P. 72(a) stayed the depositions which were ordered to take place on October 7, 2003. The disagreement was never resolved.

At 4:55 p.m. on October 6, 2003, Defendants filed an Objection to Magistrate Judge Beaman's Order. This Objection was then faxed to Plaintiff's counsel. Another discussion ensued in regards to whether the ordered depositions were unilaterally stayed.

Plaintiff's counsel appeared at the Office of the United States Attorney at 9:00 a.m. on October 7, 2003 to conduct depositions. Defendants' counsel and the deponents never appeared and a statement was made on the record as the failure to appear.

At approximately 1:00 p.m. on October 7, 2003, Judge Beaman entered an Order amending his Order from the previous day, and in this Amended Order he reversed his decision of October 6, 2003 and ordered that the depositions of the four BLM witnesses could not be taken.

### Legal Standards

Defendants argue that Plaintiff cannot establish jurisdiction before this Court concerning Plaintiff's disagreement with the Department of Interior's decision.

(Defs' Resp., p. 4). Pursuant to Fed. R.Civ.P. 72(a); "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id.* Therefore, this Court has jurisdiction pursuant to Rule 72(a) in deciding whether Judge Beaman's Order was erroneous or contrary to law and, after such decision, can modify or set aside such Order.

Pursuant to 5 U.S.C. § 301[1], Congress has authorized federal agencies to issue "housekeeping rules" to govern how agency information will be disclosed. The housekeeping rules enacted by the Department of Interior can be found at 43 C.F.R. §§ 2.80 and 2.81. Section 2.80(a) states that:

> this subpart describes how the Department of the Interior (including all its bureaus and offices) responds to requests or subpoenas for: ... (2) Testimony by employees in Federal court civil proceedings in which the United States is not a party concerning information acquired while performing official duties or because of an employee's official status.

43 C.F.R. § 2.80(a). The regulation in Section 2.81 states that:

> (a) ...it is the Department's general policy not to allow its employees to testify or to produce Department records either upon request or by subpoena. However, if you request in writing, the Department will consider whether to allow testimony or production of records under this subpart. The Department's policy ensures the orderly execution of its mission and programs while not impeding any proceeding inappropriately.
>
> (b) No Department employee may testify or produce records in any proceeding to which this subpart applies unless authorized by the Department under §§ 2,80 through 2.90 *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951).

43 C.F.R. § 2.81.

43 C.F.R. § 2.80 goes on in subpart (f) to state that, "This subpart [Subpart E] only provides guidance for the internal operations of the Department, and neither creates nor is intended to create any enforceable right or benefit against the United States." 43 C.F.R. § 2.80(f).

▮ The United States Supreme Court has recognized the authority of agency heads to restrict testimony of their subordinates in private litigation matters. *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951) (Court upheld Justice Department rule which required its employees who were served with subpoenas to immediately inform the Attorney General of the request and to refuse to testify if so instructed by the Attorney General.) Under *Touhy,* an agency employee has an absolute privilege to refuse to obey a subpoena if the agency has enacted such "housekeeping rules" and the agency head has refused to allow testimony. Similarly, the Tenth Circuit has recognized the authority of agencies to promulgate and enforce such rules. *See United States Steel Corp. v. Mattingly,* 663 F.2d 68 (10th Cir.1980); *Saunders v. The Great Western Sugar Co.,* 396 F.2d 794, 795 (10th Cir.1968).

---

1. "The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public." 5 U.S.C. § 301.

Justice Frankfurter, in *Touhy*, wrote a concurring opinion where he made it clear that the Court's holding was narrow and that the decision was not based on a finding that the Attorney General could refuse to produce the requested records:

I wholly agree with what is now decided insofar as it finds that whether, when and how the Attorney General himself can be granted an immunity from the duty to disclose information contained in documents within his possession that are relevant to a judicial proceeding are matters not here for adjudication. Therefore, not one of these questions is impliedly affected by the very narrow ruling on which the present decision rests...In joining the Court's opinion I assume the contrary-that the Attorney General can be reached by legal process.

*Touhy*, 340 U.S. at 472, 71 S.Ct. 416.

Justice Frankfurter, in his concurring opinion rendered his view that the Attorney General could be reached by subpoena and could be forced to provide the documents involved. *Id.*, 340 U.S. at 472, 71 S.Ct. 416. *Touhy* stands for the limited principle that Mr. Touhy should have served a subpoena on the proper party. Plaintiff, in the case at hand, has made a good faith effort to comply with the rules and procedures of the BLM in making the *Touhy* request for depositions. Plaintiff is not going on a fishing expedition to find evidence, he is requesting a Court order to depose the four BLM employees for specific discoverable evidence.

The Sixth Circuit Court of Appeals held that a "housekeeping" regulation that precluded discovery of information could not be enforced. The Court stated that,

We likewise conclude that Congress did not empower the Federal Reserve to prescribe regulations that direct a party to deliberately disobey a court order, subpoena, or other judicial mechanism requiring the production of information.

We therefore hold that the language in 12 C.F.R. § 261.14 that requires a party that is served with a subpoena, order, or other judicial process to continually decline to disclose information or testimony exceeds the congressional delegation of authority and cannot be recognized by this court. Such a regulation is plainly inconsistent with Rule 34 and cannot be enforced. To allow a federal regulation issued by an agency to effectively override the application of the Federal Rules of Civil Procedure and, in essence, divest a court of jurisdiction over discovery, the enabling statute must be more specific than a general grant of authority as found here. *Resolution Trust Corp. [v. Deloitte & Touche]*, 145 F.R.D. [108] at 111 [(D.Colo.1992)] (holding that the Federal Rules of Civil Procedure cannot be abrogated by agency regulations); *Merchants Nat'l Bank & Trust Co. v. United States*, 41 F.R.D. 266, 268 (D.N.D.1966) ("While the statute gives the Secretary the right to restrict disclosure, judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers."); *Sperandeo v. Milk Drivers & Dairy Employees Local Union No. 537*, 334 F.2d 381, 383 (10th Cir.1964)(holding that federal agencies are found by discovery rules in the same manner as any other litigant).

*In re Bankers Trust Co.*, 61 F.3d 465, 470 (6th Cir.1995).

Chief Judge Merritt, in his concurring opinion in the same case, stated:

If Congress were to limit a federal district judge's authority to order discovery according to the interest of the Federal Reserve, the ability of a federal court to perform its most basic function of deciding "cases and controversies" under Article III of the Constitution would be notably impaired. Courts cannot fairly decide cases if they cannot have access

to the information needed for a fair, objective decision.

*Id.,* 61 F.3d at 472–73.

The discovery powers under the Federal Rules of Civil Procedure provide parties with avenues of gaining discoverable evidence. This Court advocates open discovery to ensure both parties have all applicable and material evidence to ensure an equitable and objective trial. The government can not promulgate regulations and refuse proper, necessary discovery in direct contravention with the Federal Rules of Civil Procedure.

The depositions of the four BLM employees have been deemed to be seeking properly discoverable evidence and necessary for full discovery. Plaintiff has made a good faith effort to comply with the Department of Interior's and BLM's regulations. The deposition request is not usually burdensome on the BLM offices or the BLM employees but refusing to allow the BLM employees to be deposed is inappropriate. Therefore, the Department of Interior, in following their own promulgated regulation in 43 C.F.R. § 2.80(a) should "not imped[e] any proceeding inappropriately."

Defendants state that, "While *Touhy* regulations cannot be used as a blanket shield from producing documents or testimony, agencies surely have the right to restrict access and preserve valuable government assets, whether they be time or documents." (Defs' Resp., p. 2). In this case, the Department of Interior would be arguing the government asset of time. This Court agrees with Defendants that pulling government employees away from work is burdensome on the agency, but the value of the employees' time is not outweighed by the importance and value of discoverable evidence. In order to address Defendants' concerns, this Court will limit each deposition to three hours.

**IT IS, THEREFORE, ORDERED** that the October 7, 2003 Order of Judge Beaman is **VACATED** and the Request to Take Depositions of Karen Hepp, Alan Kesterke, John Elliot and Roger Bankert is **GRANTED. IT IS FURTHER ORDERED** that the Depositions of the above mentioned deponents be within ten days of this Order at the United States Attorney's office in Cheyenne, Wyoming and that each deposition is limited to three hours in length.