**NATIONAL LABOR RELATIONS BOARD, Appellant,**

v.

**FREDERICK COWAN AND COMPANY, INC., Appellee.**

No. 909, Docket 74–2234.

United States Court of Appeals, Second Circuit.

Argued June 27, 1975.

Decided July 16, 1975.

Frank C. Morris, Jr., NLRB Atty., Washington, D. C. (Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Abigail Cooley, Asst. Gen. Counsel for Special Litigation, NLRB, Washington, D. C.), for appellant.

Bruno Baratta, Mineola, N. Y. (Baratta & Solleder, Mineola, N. Y.), for appellee.

Before CLARK, Associate Justice,* and MANSFIELD and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

This is an appeal by the National Labor Relations Board (Board) from an order of the United States District Court for the Eastern District of New York, Hon. Thomas C. Platt, Jr., *Judge,* which, in an important respect, refused to enforce a subpoena *duces tecum* directed to Frederick Cowan and Company, Inc. (Company) pursuant to 29 U.S.C. § 161(2). 378 F.Supp. 325 (1974). We reverse and remand.

I

On February 6, 1973, Local Lodge No. 5, International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL–CIO (Union) filed a petition with the Board requesting an election among the employees of the Company. On February 21, repre-

* United States Supreme Court, retired, sitting by designation.

sentatives of the Company, the Union and the Board reached agreement on the time and place of the election, the appropriate unit and the voting eligibility of the Company's employees. The agent of the Board informed the Company that it would be required to produce a list of the names and addresses of the employees in the unit pursuant to *Excelsior Underwear, Inc.*, 156 N.L.R.B. 1236 (1966). The Company supplied the Board's Regional Office with the names and classifications of the 28 employees in the unit. The Company refused, however, to turn over their addresses, claiming that this was private information. After some discussion, the Company offered to produce the addresses of employees willing to have that information revealed. The representatives of the Union and the Board acquiesced in this proposal and a stipulation was signed covering the procedures for the election.

On February 22, the Regional Director of the Board wrote to the Company that he had approved the stipulation, that a complete *Excelsior* list would be due on March 2 and that failure to supply the list would be grounds for overturning the election. After polling its employees, the Company received permission to and did supply the addresses to the Board of 11 of the 28 eligible employees. No other addresses were submitted thereafter.

On March 14, as agreed, the election was held; 11 votes were cast for the Union, 12 against and 2 votes were challenged.[1] The Union filed timely objections to conduct allegedly affecting the results of the election, including the Company's failure to produce a complete *Excelsior* list. Some employees filed unfair labor practice charges, which were consolidated with the objections for hearing before an Administrative Law Judge. The Administrative Law Judge found that, at the meeting on February 21, the Union representative had acquiesced in the Company's proposal to turn over just the addresses of consent-

ing employees only because the Board representative informed him that the Union could still object to the election if a complete *Excelsior* list were not supplied. The judge found that "there was no meeting of the minds with respect to an essential element of the election stipulation." The judge also found that, after the stipulation was signed, the Company had been informed by the Regional Director that a complete list was required and that the Company failed to challenge this directive. Several unfair labor practices, it was found, had been committed by the Company. The Administrative Law Judge accordingly recommended that the election and the stipulation be set aside. In the absence of any exceptions by the Company, the Board set aside the election and the stipulation and remanded the case to the Regional Director for further action.

A representation hearing was then held in which the Company did not participate. A second election was ordered by the Regional Director and the Company was required to file an *Excelsior* list by April 17, 1974. The Company failed to do so. The only communication received from the Company was a telegraphic request on April 18, 1974 for an extension of time with an indication that a letter was to follow. No letter was ever received. The Regional Director issued a subpoena *duces tecum* to the Company on May 6, pursuant to 29 U.S.C. § 161(1), requiring production of the list or records disclosing the information sought. The Company failed to comply with the subpoena or even to appear at a May 15th hearing held for the purpose of receiving the disputed materials.

On May 23, 1974, the Board applied to District Judge Platt for an order pursuant to 29 U.S.C. § 161(2) enforcing its subpoena. Judge Platt, rejecting the Administrative Law Judge's recommendation that the stipulation executed on February 21, 1973 be set aside, refused to enforce the subpoena except that the

---

1. The challenges to 2 votes were ultimately sustained by the Board.

Company was ordered to produce the names of all and the addresses of consenting eligible employees. Judge Platt, emphasizing that the law encourages settlement of disputes, considered the stipulation to have been freely arrived at and therefore binding.

## II

The law is clear that a district judge passing upon a request for enforcement of a subpoena pursuant to section 161(2) may undertake only an extremely limited inquiry. No defense relating to the administrative proceedings can be raised and the agency need not even show probable cause to believe the law has been violated. *NLRB v. C.C.C. Associates, Inc.*, 306 F.2d 534, 538 (2d Cir. 1962). In *NLRB v. Williams*, 396 F.2d 247, 249 (7th Cir. 1968), the court said:

Duly issued subpoenas are to be enforced if the agency is seeking information "not plainly incompetent or irrelevant to any lawful purpose." And, the essential requirement [in] both the issuance and enforcement of a National Labor Relations Board subpoena is that the production of the evidence or the giving of the testimony called for by the subpoena must relate to a "matter under investigation or question".

Citations omitted.

Although the court below had "grave concern" with respect to the invasion of the privacy of employees, in *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969), the Supreme Court approved the Board's *Excelsior* rule and held that it would be enforced by way of a subpoena under section 161.[2] Since the evidence sought here did touch upon the matter in ques-

tion and was not incompetent or irrelevant, the district court judge was not justified in refusing to enforce the subpoena. See *Endicott Johnson Corp. v. Perkins,* 317 U.S. 501, 509, 63 S.Ct. 339, 87 L.Ed. 424 (1943); *SEC v. Wall Street Transcript Corp.*, 422 F.2d 1371, 1375 (2d Cir.), cert. denied, 398 U.S. 958, 90 S.Ct. 2170, 26 L.Ed.2d 542 (1970); *NLRB v. United Aircraft Corp.*, 200 F.Supp. 48, 50–51 (D.Conn.1961), aff'd on opinion below, 300 F.2d 442 (2d Cir. 1962) (*per curiam*).

The Company, which did not file a brief here but was represented at the oral argument of this appeal, disagrees with the interpretation by the Administrative Law Judge of the stipulation. However, the Company, as we have noted, made no such objection to the Board, did not participate in the representation hearing after the remand, never challenged the *Excelsior* list requirement in the decision and never sought by petition to revoke the subpoena in issue as provided by 29 U.S.C. § 161(1). There was, in sum, an utter abandonment here of normal agency procedures, which further convinces us that the action of the district court in reviewing the findings of the Administrative Law Judge was error. Cf. *NLRB v. Ochoa Fertilizer Corp.*, 368 U.S. 318, 322, 82 S.Ct. 344, 7 L.Ed.2d 312 (1961); *Marshall Field & Co. v. NLRB*, 318 U.S. 253, 256, 63 S.Ct. 201, 87 L.Ed. 501 (1943); *North American Rockwell Corp. v. NLRB*, 389 F.2d 866 (10th Cir. 1968); *Herman Brothers Pet Supply, Inc. v. NLRB*, 360 F.2d 176 (6th Cir. 1966); *General Engineering, Inc. v. NLRB*, 341 F.2d 367 (9th Cir. 1965).

The order of the district court is reversed and the matter is remanded with instructions to enforce the Board's subpoena.

2. The Court said of the *Excelsior* disclosure rule:

We have held in a number of cases that Congress granted the Board a wide discretion to ensure the fair and free choice of bargaining representatives. The disclosure requirement furthers this objective by encouraging an informed employee electorate and by allowing unions the right of access to

employees that management already possesses. It is for the Board and not for this Court to weigh against this interest the asserted interest of employees in avoiding the problems that union solicitation may present.

394 U.S. at 767, 89 S.Ct. at 1430 (citations omitted).