**EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Petitioner-Appel-
lee,**

v.

**A.E. STALEY MANUFACTURING CO.,
Respondent-Appellant.**

**No. 82–1655.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 8, 1982.

Decided July 1, 1983.

C.R. Gangemi, Jr., Chicago, Ill., for respondent-appellant.

Kenneth J. Burchfiel, Asst. Gen. Counsel, E.E.O.C., Washington, D.C., for petitioner-appellee.

Before CUMMINGS, Chief Judge, BAUER, Circuit Judge, and GRANT, Senior District Judge.*

GRANT, Senior District Judge.

Respondent-Appellant, A.E. Staley Manufacturing Company, appeals from a district court order enforcing an administrative subpoena issued by the Equal Employment Opportunity Commission (hereinafter "EEOC") pursuant to § 710 of Title VII of the Civil Rights Act of 1964. A.E. Staley Manufacturing Company (hereinafter "Staley") raises three issues for our consideration:

I. Whether the EEOC's charge is invalid as failing to meet the statutory requirements of § 706(b) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–5(b));

II. Whether the administrative subpoena is unconscionably burdensome;

III. Whether Staley is entitled to a hearing on the issues before the subpoena is enforced?

---

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, sitting by designation.

## Facts

On October 6, 1980, the Equal Employment Opportunity Commission filed its charge that Staley and Local 837, Allied Industrial Workers of America, had unlawfully discriminated against women and blacks because of their sex and/or race in violation of §§ 703 and 707 of Title VII of the Civil Rights Act of 1964 (hereinafter "the Act"). The charge specified six discriminatory practices of Staley and Local 837.[1]

The EEOC served Staley with the charge and with it a request for information. Staley countered with a demand for a detailed account of the factual basis underlying the Commissioner's charge. On February 17, 1981, following Staley's failure to supply the requested information, the EEOC issued a subpoena requesting information concerning employment and personnel practices of Staley covering the period January 1, 1978 to February 17, 1981. On February 20, 1981, Staley petitioned the Chicago District Director of the EEOC to revoke or modify the subpoena, but these objections were rejected by the District Director. Staley then appealed the denial to the full Commission. In August 1981, the Commission upheld the District Director's denial of Staley's petition to revoke or modify the subpoena and ordered Staley to comply with the subpoena by September 9, 1981. On December 28, 1981, following Staley's continued refusal to comply with the subpoena, the EEOC filed this action. The district court issued an ex parte order granting the application on December 30, 1981.

On April 5, 1982, the district court ordered the enforcement of the administrative subpoena, holding that the Commissioner's charge satisfied the statutory requirements of § 706(b) because it alleged the time, place and circumstances of the

1. The charge provided as follows:

COMMISSIONER CHARGE

Pursuant to the authority contained in Sections 706 and 707 of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, I charge the employer and labor organization listed below with unlawful employment practices occurring at or controlled from the employer's facility:

A.E. Staley Manufacturing Company
2200 East Eldorado Street
Decatur, Illinois 62525
Allied Industrial Workers of America
Local 837
R.R. # 2—Box 177
Assumption, Illinois 62510

I believe that the above employer and labor organization are within the jurisdiction of the Equal Employment Opportunity Commission and have violated, since at least July 2, 1965, and continue through the present to violate Section 703 and Section 707 of the Civil Rights Act of 1964, as amended, by unlawfully discriminating against blacks and women because of their race and/or sex with respect to recruitment, hiring, assignment, promotion, training, termination, and other terms, conditions and benefits of employment.

More specifically, the employer's unlawful discriminatory practices include, but are not limited to:

1. Failing or refusing to recruit and select blacks for all blue collar positions on an equal basis with whites because of their race; failing or refusing to recruit and select women for all blue collar positions, on an equal basis with men because of their sex.

2. Restricting and/or excluding blacks and women from all blue collar positions because of their race and/or sex.

3. Restricting and/or excluding blacks and women from the opportunity to work in all blue collar departments because of their race and/or sex.

4. Failing to provide blacks and women with opportunities for promotion, assignment, and training equal to those afforded to whites and men because of their race and/or sex.

5. Terminating women, because of their sex, at a greater rate than men.

6. Maintaining discriminatory policies and practices and other terms and conditions of employment which operate to disadvantage blacks and women because of their race and/or sex.

Specific unlawful employment practices engaged in by both the employer and the labor organization include, but are not limited to, maintaining seniority, posting, and bidding systems as well as other systems contained in the collective bargaining agreement which operate to perpetuate the effects of the employer's discriminatory hiring, assignment, promotion and training policies.

The persons aggrieved include all blacks and women who have been, continue to be, or may in the future be adversely affected by the unlawful practices complained of herein.

alleged unlawful employment practices.[2] The court specifically rejected Staley's argument that the charge must allege reasonable cause, finding that all the statute requires is that the charge be made under oath. The court found that the information which the EEOC requested was material and relevant. Furthermore, the court rejected Staley's contention that the subpoena was burdensome because Staley had failed to show the subpoena would interfere with the normal operation of its business.

Staley moved for reconsideration of the district court order arguing that, inasmuch as its personnel decisions were made pursuant to a bona fide seniority system, it was immune to attack under Title VII pursuant to the Supreme Court's recent decision in *American Tobacco Co. v. Patterson,* 456 U.S. 63, 102 S.Ct. 1534, 71 L.Ed.2d 748 (1982). Staley further argued that the date which the EEOC inserted in the charge as the date of the discrimination was invalid because it was a mere *pro forma* insertion of the effective date of the Civil Rights Act of 1964. After a hearing on the motion for reconsideration, the court found that *American Tobacco* was not applicable to the present case. The court accepted the testimony of the EEOC attorney that the effective date of the Act had not been inserted in a *pro forma* fashion, but was rather based upon information available to the EEOC. The district court refused to stay its order enforcing the subpoena and Staley filed a timely appeal to this Court.

■ We note initially that an administrative subpoena will be enforced where: (1) the investigation is within the agency's authority, (2) the subpoena is not too indefinite, and (3) the information requested is reasonably relevant. *EEOC v. Bay Ship-*

building Corp., 668 F.2d 304, 310 (7th Cir. 1981); *EEOC v. University of Pittsburgh,* 643 F.2d 983, 985–86 (3rd Cir.1981); *EEOC v. University of New Mexico,* 504 F.2d 1296, 1302 (10th Cir.1974); *United States v. Morton Salt Co.,* 338 U.S. 632, 652, 70 S.Ct. 357, 368, 94 L.Ed. 401 (1950). *Compare CAB v. United Air Lines, Inc.,* 542 F.2d 394, 402 (7th Cir.1976) (information sought amounted to a general warrant; enforcement denied).

■ This Circuit has long recognized that the EEOC has broad investigatory powers to investigate violations of Title VII. *Motorola, Inc. v. McLain,* 484 F.2d 1339, 1344, 1345–46 (7th Cir.1973), *cert. denied,* 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 287 (1974); *General Employment Enterprises, Inc. v. EEOC,* 440 F.2d 783, 784 (7th Cir.1971); *See also Parham v. Southwestern Bell Telephone Co.,* 433 F.2d 421, 425 (8th Cir.1970); *Bowaters Southern Paper Corp. v. EEOC,* 428 F.2d 799 (6th Cir.) *cert. denied,* 400 U.S. 942, 91 S.Ct. 241, 27 L.Ed.2d 246 (1970); *Blue Bell Boots, Inc. v. EEOC,* 418 F.2d 355 (6th Cir.1969). In terms of relevancy, it is sufficient that "... the material subpocnaed touches a matter under investigation ... even though the material may not be considered 'evidence' as the term is employed in the courtroom." *Motorola,* 484 F.2d at 1345 citing *N.L.R.B. v. Rohlen,* 385 F.2d 52, 57 (7th Cir.1967).

■ The EEOC need not demonstrate probable cause before it is entitled to information. *EEOC v. Bay Shipbuilding Corp.,* 668 F.2d 304, 312–13 (7th Cir.1981). In many instances, the purpose of the EEOC investigation is to determine whether probable cause does in fact exist. *EEOC v. Bay Shipbuilding Corp. supra; Graniteville Co. v. EEOC,* 438 F.2d 32, 36 (4th Cir.1971);

**2.** Section 706(b) of the Act is cited at p. 785 of the opinion. The provision in 29 C.F.R. § 1601.12(a)(3) (1981) relied upon by the dissent provides:

    a) Each charge should contain the following:

        \*     \*     \*     \*     \*     \*

    (3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices

    . . .

However, 29 C.F.R. § 1601.12(b) provides:

    b) Notwithstanding the provisions of paragraph a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.

*General Employment Enterprises, Inc. v. EEOC,* 440 F.2d 783, 784 (7th Cir.1971).

## I

■ Staley argues initially that the Commissioner's charge fails to meet the statutory requirements of § 706(b) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–5(b)), contending that the charge is deficient because it fails to demonstrate that the Commissioner had reasonable cause to believe that a violation of the Act had occurred and fails to set forth the facts upon which the charge is based including the dates of the alleged violation. The EEOC responds that the charge meets the statutory requirements of § 706(b) and that the district court did not abuse its discretion in ordering the enforcement of the subpoena.

Our analysis of this issue begins with the statute's language and its legislative history. Congress passed Title VII of the Act to "eliminate discrimination in employment based upon race, color, religion or natural origin." Senate Judiciary Committee Report No. 872 *reprinted in* 1964 U.S.Code Cong. & Ad.News 2355, 2401. The original Act required the Commissioner to have reasonable cause and to set forth the facts upon which the charge was based:

> Sec. 706. (a) Whenever it is charged in writing under oath by a person claiming to be aggrieved, or a written charge has been filed by a member of the Commission *where he has reasonable cause to believe* a violation of this title has occurred (*and such charge sets forth the facts upon which it is based*) that an employer, employment agency, or labor organization has engaged in an unlawful employment practice, the Commission shall furnish such employer, employment agency, or labor organization (hereinafter referred to as the "respondent") with a copy of such charge and shall make an investigation of such charge, provided that such charge shall not be made public by the Commission.

42 U.S.C. § 2000e–5(a) (1970) (emphasis added).

This Circuit considered the statutory requirements of § 706(a) in *General Employment Enterprises, Inc. v. EEOC,* 440 F.2d 783 (7th Cir.1971). In that case, the EEOC sought access to the personnel records of General Employment Enterprises pursuant to §§ 709 and 710 of the Act. General Employment Enterprises argued that the Commissioner's charge failed to set forth the underlying facts with sufficient specificity to be enforced. The charge by the Commissioner alleged that he had reasonable cause to believe that General Employment Enterprises had violated and was continuing to violate the Act by "discriminatorily failing or refusing to hire Negroes and Jewish people." 440 F.2d at 783.

This Court noted:

> Section 706(a) of the Civil Rights Act and Commission regulations (§ 1601.11) require the Commissioner to set forth facts upon which the charge is based. We hold that the Commissioner has satisfied this requirement by alleging a discriminatory refusal to hire based on present and past employment practices. *Bowaters Southern Paper Corporation v. Equal Employment Opportunity Commission,* 428 F.2d 799 (6th Cir.1970). *Since a Commissioner's charge does no more than initiate administrative fact finding and voluntary conciliation, we see no reason to impose the pleading standards applicable under the Federal Rules of Civil Procedure.* This is consistent with the broad remedial purposes of the Act which could only be thwarted by sustaining technical defenses of alleged violators.

440 F.2d at 783–84. (emphasis added).

Consistent with the broad, remedial purposes of the Act, other Circuits applied the same liberal standard to charges brought under § 706(a). *See generally Local No. 104, Sheet Metal Workers v. EEOC,* 439 F.2d 237 (9th Cir.1971). (No detailed pleading of the facts required under § 706(a)); *Graniteville Co. v. EEOC,* 438 F.2d 32, 36–39 (4th Cir.1971) ("The purpose of the charge under section 706(a) is only to initiate the EEOC investigation, not to state sufficient facts to make out a prima facie case." 438 F.2d at 38); *Bowaters Southern*

*Paper Corp. v. EEOC,* 428 F.2d 799 (6th Cir.) *cert. denied,* 400 U.S. 942, 91 S.Ct. 241, 27 L.Ed.2d 246 (1970); *South Central Bell Telephone Company v. EEOC,* 314 F.Supp. 349 (E.D.La.1970).

In 1972, Congress amended § 706(a). The new provision, § 706(b) (42 U.S.C. § 2000e–5(b)), provides in pertinent part:

> Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer, employment agency, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge *(including the date, place and circumstances of the alleged unlawful employment practice)* on such employer, employment agency, labor organization, or joint labor-management committee (hereinafter referred to as the "respondent") within ten days, and shall make an investigation thereof. *Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires.*

(emphasis added). Staley argues that § 706(b) as amended imposes new requirements upon a Commissioner's charge: the charge must still demonstrate reasonable cause but additionally, argues Staley, must be made under oath or affirmation and must set forth the date, place and circumstances of the alleged unlawful employment practice. The EEOC argues that § 706(b) lessened the charge requirements under former § 706(a) by eliminating the requirement that the charge demonstrate reasonable cause. Rather, the charge must merely be made under oath or affirmation. The EEOC argues that the charge need no longer state the underlying facts but simply requires notice of the time, place and circumstances of the alleged unlawful employment practice. The EEOC argues that the standard this Court must apply in determining the adequacy of the Commissioner's charge is the standard this Circuit enunciat-

ed in *General Employment Enterprises, supra.* As such, argues the EEOC, the Commissioner's charge is valid.

Staley relies upon several recent cases for its argument that the '72 amendments to the Act require the Commissioner to allege sufficient facts to demonstrate some reasonable basis for its charge. In *Shell Oil Co. v. United States EEOC,* 676 F.2d 322 (8th Cir.1982); *petition for rehearing denied en banc,* 689 F.2d 757, *cert. granted,* —— U.S. ——, 103 S.Ct. 1181, 75 L.Ed.2d 429 (1983) the Court of Appeals for the Eighth Circuit held that the "circumstances" language of § 706(b) requires the Commission to allege the "factual basis" of the charge. The Court noted:

> We recognize that one purpose of a Commissioner's charge is to initiate an investigation where an individual is unwilling to file the charge for fear of retaliation by the employer. *Graniteville Co. (Sibley Div.) v. EEOC, supra,* at 39 n. 6; 110 CONG. REC. 14186–92 (1964), reprinted in EEOC, Legislative History of Titles VII and XI of the Civil Rights Act of 1964, 3301–12 (1978), *EEOC v. Dean Witter Co., supra,* 643 F.2d at 1339. Therefore, we do not require the Commission to divulge information in the charge which might tend to reveal the identity of an individual who wishes to remain anonymous. But to the extent possible, the Commission should include in the charge the factual basis for the Commissioner's belief that a Title VII violation has occurred.

676 F.2d at 326 (footnote omitted). *See also EEOC v. Appalachian Power Co.,* 13 FEP 1294, 1295 (W.D.Va.1976), *affirmed for reasons set forth by the District Court,* 568 F.2d 354 (4th Cir.1978) (oath and affirmation requirement imposes a heavier burden on the Commissioner); *Stewart v. Core Laboratories, Inc.,* 460 F.Supp. 931 (N.D. Tex.1978).

Other cases, however, strongly reject Staley's argument that the Commissioner's charge must set forth the factual basis upon which the charge is based. In *EEOC v. Dean Witter Co., Inc.,* 643 F.2d 1334 (9th

Cir.1980), the EEOC charged that Dean Witter had engaged in a "pattern or practice" of discrimination throughout its 37 branches in the recruitment, hiring, assignment, promotion, and terms and conditions of employment of minorities and women. The district court refused to enforce the EEOC subpoena because it was general, unsupported and failed to set forth the date, place and circumstances of the charge as required by the statute. The Court of Appeals affirmed the district court's refusal to enforce the subpoena because the subpoena failed to set forth the date of the alleged unlawful employment practices, but more importantly, found that "the inclusion of the date, place and circumstances requirement [did not] impose onerous new pleading requirements upon the Commission." 643 F.2d at 1337. The Court of Appeals affirmed its earlier holding in *Local 104, Sheet Metal Workers v. EEOC*, 439 F.2d 237 (9th Cir.1971) where the Court, prior to the '72 amendments, held that § 706(a) of the Act did not require a detailed statement of the underlying facts in the Commissioner's charge.

More recently, the Sixth Circuit in *EEOC v. K-Mart Corp.*, 694 F.2d 1055 (6th Cir. 1982) vacated a district court opinion which, inter alia, found that § 706(b) of the Act, as amended, strengthened "the old reasonable cause standard to require sufficient information upon which to base its investigation." 526 F.Supp. 121, 126. The Sixth Circuit examined the standard to be applied in reviewing the Commissioner's charge:

> The purpose of the charge under section 706 is only to initiate the EEOC investigation, not to state sufficient facts to make out a prima facie case. In enacting section 706, Congress intended to control 'mere fishing expeditions' by the EEOC. Congress did not intend, however, to allow extensive delay in the disposition of Title VII cases. Title VII was enacted to eliminate discrimination in employment on account of race, color, religion, sex, or national origin. The EEOC was given investigatory power to prevent and remedy discrimination in employment. Requiring the EEOC to justi-

fy each charge would divert the EEOC from its primary purpose of determining whether there has been a violation of Title VII.

694 F.2d at 1067–68 (citations omitted). The Sixth Circuit explicitly rejected the Eighth Circuit's holding in *Shell Oil* that the Commissioner's charge must demonstrate some basis in fact:

> We do not agree, however, with the Eighth Circuit's holding in *Shell Oil* that section 706(b) requires 'some basis in fact.' That holding is contrary to well-established law. In subpoena enforcement proceedings, the EEOC usually does not have to prove probable cause or reasonable cause to believe that a charge of discrimination is true.

694 F.2d at 1063 n. 7 (citations omitted). *See also EEOC v. Chrysler Corp.*, 567 F.2d 754, 755 (8th Cir.1977) (Reasonable cause for finding a Title VII violation need not be established before an administrative subpoena may be validly issued); *EEOC v. South Carolina National Bank*, 562 F.2d 329, 332 (4th Cir.1977) ("An agency need not show that the exercise of its jurisdiction is supported by reasonable cause ...."); *EEOC v. University of New Mexico*, 504 F.2d 1296, 1303 (10th Cir.1974) (subpoena duces tecum enforceable although no probable cause has been shown that the University has violated the Act).

The purpose of this subpoena is to determine whether probable cause exists. To require the EEOC to demonstrate probable cause before the subpoena issues would impose an unfair obligation on the agency. *See EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 313 (7th Cir.1981) ("The EEOC need make no showing of probable cause to suspect a violation of Title VII unless the employer raises a substantial question that judicial enforcement of the administrative subpoena would be an abusive use of the court's process.") *Accord EEOC v. University of New Mexico, supra.*

Staley also argues that the Commissioner's charge fails to meet the statutory requirements of the Act because the date of

the alleged unlawful employment practices is the effective date of the Civil Rights Act of 1964. Staley argues that the EEOC has a policy of *pro forma* insertion of the effective date of the Act in its charges. Staley argues that the failure of the EEOC to state the date of the alleged unlawful employment practices imposes an undue burden upon the employer because the employer has no way to determine the temporal scope of the investigation.

The "date" element of § 706(b) is an important statutory requirement. In *Dean Witter, supra,* the Ninth Circuit noted:

> The dates of the alleged unfair practices bear directly on the relevancy of an EEOC enforcement subpoena. By disclosing the dates of the alleged practices under investigation, the EEOC will inform the charged party, as well as the court which is asked to enforce a subpoena, what the proper scope of the investigation should be time-wise. Hopefully, disclosure of the dates at the outset will discourage resistance to discovery by employees fearful of open-ended investigations, and if necessary, will aid the court in determining the relevancy of the matters sought to be subpoenaed.

643 F.2d at 1338. *Accord Shell Oil Co., supra.* The *Dean Witter* court concluded that inasmuch as the EEOC may be uncertain, at the time of the charge, as to the temporal scope of the alleged unlawful employment practices, "a good faith estimate of the time periods should be sufficient." 643 F.2d at 1338. We note further that "the Commissioner's good faith is presumed because of § 706(b)'s oath or affirmation requirement." *EEOC v. K-Mart Corp.,* 694 F.2d at 1064. *Accord Dean Witter, supra.*

In the present case, the district court held a hearing on April 16, 1983 to consider whether the EEOC had a policy of *pro forma* insertion of the effective date of the Act in its charges. After hearing testimony from Staley and the EEOC, the district court accepted the statements of the EEOC that there was no *pro forma* insertion of the effective date of the Act in this case.

The standard of review of factual determinations of a district court in a Title VII case is whether or not they are clearly erroneous. *EEOC v. University of Pittsburgh,* 643 F.2d 983, 985 (3d Cir.1981) citing *Denicola v. G.C. Murphy Co.,* 562 F.2d 889, 892 (3d Cir.1977). In this case, the bare, unsupported allegations of Staley's counsel that the EEOC had a policy of inserting *pro forma* the effective date of the Act did not overcome the good faith presumption accorded the Commissioner's selection of a date for the charge. As such, the district court determination, based on the testimony before it, that the effective date of the Act was not *pro forma* inserted in this case is not clearly erroneous.

## II

Staley argues that enforcement of the subpoena would be unconscionably burdensome and as such is invalid, contending that the EEOC may investigate only those unlawful employment practices arising within the statutory time period. Staley argues further that inasmuch as Staley has neither hired nor recruited any employees in the relevant job classifications, nor discharged any women employees within the statutory time period, the EEOC cannot investigate those employment practices. Finally, Staley argues that the EEOC may not investigate its job assignment, promotion and transfer decisions for the reason that they are made pursuant to a bona fide seniority system, and that since the EEOC's jurisdiction under Title VII is limited to unlawful employment practices, the EEOC may not investigate its employment practices.

We note initially that the mere assertion by an employer that his employment practices are lawful does not deprive the EEOC of jurisdiction. No action would ever be brought against an employer if the jurisdiction of the EEOC depended upon the assertions of employers as to whether their own employment practices were lawful. Further, the EEOC charge is not merely limited to hiring or firing of employees, but encompasses promotion and training policies. Staley has not shown that

there is no basis for the charge as to these policies.

■ Staley relies upon *American Tobacco Co. v. Patterson,* 456 U.S. 63, 102 S.Ct. 1534, 71 L.Ed.2d 746 (1982) to support its contention that the EEOC may not investigate job assignment or promotion decisions made pursuant to a bona fide seniority system. In *American Tobacco,* the EEOC and a class of black employees brought a race and sex discrimination case against their employer. The Supreme Court found it necessary to remand the case to the district court to:

> ... decide whether the lines of progression are part of a seniority system, and if so, whether they are bona fide within the meaning of § 703(h). We decline to reach these issues because, as the court below noted, their resolution requires additional factual development.

456 U.S. at 77 n. 18, 102 S.Ct. at 1542 n. 18. Here, we have only the mere assertion by Staley that its employment decisions are effected pursuant to a bona fide seniority system. The purpose of this subpoena is to determine whether such employment decisions are in fact made pursuant to a bona fide seniority system.

■ Staley is, in essence, attempting to argue the merits of its case at the subpoena enforcement proceeding. But defenses on the merits of an administrative charge may not be raised to block the enforcement of an administrative subpoena. *EEOC v. Bay Shipbuilding Co.,* 668 F.2d 304, 310–11 (7th Cir.1981) (Agency subpoena enforcement proceedings are of a summary nature), *N.L.R.B. v. Dutch Boy, Inc., Glow Lite Div.,* 606 F.2d 929 (10th Cir.1979); *N.L.R.B. v. Frederick Cowan and Company, Inc.,* 522 F.2d 26, 28 (2d Cir.1975) ("The law is clear that a judge passing upon the request for enforcement of a subpoena ... may undertake only an extremely limited inquiry. No defense relating to the administrative proceedings can be raised, and the agency need not show probable cause to believe the law has been violated."). The district court review of the administrative subpoena and charge here under review was sufficient because it determined that "(1) the investi-

gation was within the agency's authority; (2) the subpoena was not too indefinite and (3) the information sought was reasonably relevant, all as required by *Morton Salt, supra.*" *EEOC v. Bay Shipbuilding Corp.,* 668 F.2d 304, 310 (7th Cir.1981).

■ Finally, Staley argues that enforcement of the subpoena would be burdensome. The test this Circuit applies to determine whether a subpoena is too burdensome to be enforced is whether "... compliance would threaten the normal operation of [Staley's] business." *EEOC v. Bay Shipbuilding Corp.,* 668 F.2d at 313. Here, Staley has made no showing that enforcement of the subpoena would threaten the normal operation of its business. As such, the district court properly ordered enforcement of the subpoena.

### III

■ Staley also argues that it is entitled to a hearing on the issues to determine whether the subpoena should be enforced, *see EEOC v. Bay Shipbuilding Corp.,* 668 F.2d at 309–311, and that enforcement of the subpoena constitutes an abusive use of the court's process. *Bay Shipbuilding, supra,* at 313.

In *EEOC v. Bay Shipbuilding Corp.,* 668 F.2d 304, 311 (7th Cir.1981), this Circuit indicated that absent a showing that there has been wrongful conduct by the government, some improper purpose by the government, or that the subpoena is intended solely to serve purposes outside of the purview of the jurisdiction of the issuing agency, the district court should enforce a subpoena which meets the three requirements of *Morton Salt.* Staley has failed to demonstrate that the production of information would be burdensome, or that the action has been brought in bad faith merely to harass the employer, *EEOC v. South Carolina National Bank,* 562 F.2d 329, 332 (4th Cir.1977), or that the investigation was brought for an ulterior purpose, *Bay Shipbuilding, supra,* at 311, or that the subpoena and application for court enforcement were for an improper purpose (the personal ven-

detta of the EEOC investigator). *EEOC v. First Alabama Bank of Birmingham*, 440 F.Supp. 1381 (N.D.Ala.1977) *aff'd*, 611 F.2d 132 (5th Cir.1980). The district court did not err in refusing to hold a factual hearing before enforcing the subpoena.

## IV

The district court properly found that the investigation conducted by the EEOC was properly within its authority, that the subpoena was not too indefinite and that the information was reasonably relevant. Because the district court did not abuse its discretion in ordering enforcement of the subpoena, we AFFIRM the holding of the district court.

BAUER, Circuit Judge, dissenting.

The underlying issue on this appeal is whether the EEOC charge against Staley sets forth sufficient facts to comply with the date, place, and circumstances requirements of section 706(b). Because I believe the charge in this case failed to meet the statutory requirements, I respectfully dissent.

Section 706(b) requires the EEOC to serve a notice of the charge upon the employer; this notice must include "the date, place and circumstances of the alleged unlawful employment practice." 42 U.S.C. § 2000e–5(b). In addition to this statutory requirement, EEOC's procedural regulations require that the charge contain a "statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.-12(a)(3) (1981). These requirements are intended to give the employer sufficient notice to challenge an overbroad subpoena, and to protect the employer from open-ended "fishing expeditions." *Shell Oil Co. v. United States EEOC*, 676 F.2d 322 (8th Cir.1982), *reh'g denied*, 689 F.2d 757, *cert. granted,* —— U.S. ——, 103 S.Ct. 1181, 75 L.Ed.2d 429 (1983).

Moreover, the EEOC charge is intended to enable the parties to determine whether conciliation may be appropriate, and to aid the courts and the employer in determining what employment material is relevant and discoverable. *See Shell Oil Co., supra.* A charge wholly lacking any basis in fact cannot satisfy these goals. Accordingly, I read section 706(b) to require that the EEOC charge include some factual basis for the agency's belief that an employer has engaged in unlawful employment practices.

The charge brought against Staley consisted of a series of conclusory statements alleging discrimination against women and blacks in virtually every aspect of employment. The charge does not detail any specific instances of discriminatory treatment of employees or applicants. Similarly, the charge fails to describe any of Staley's allegedly discriminatory practices.

Since the charge against Staley failed to include any factual basis for the allegation that Staley had engaged in unlawful employment practices, I believe that the charge was invalid under section 706(b). An invalid charge, of course, cannot support the issuance of an administrative subpoena. For this reason, I respectfully dissent from the affirmance of the subpoena's enforcement.