EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Petitioner,

v.

APPLETON ELECTRIC COMPANY, Respondent.

No. 83 C 8499.

United States District Court, N.D. Illinois, E.D.

Feb. 29, 1984.

Peggy A. Davis, E.E.O.C., Chicago, Ill., for petitioner.

Don E. Glickman, Thomas F. Geselbracht, Rudnick & Wolfe, Chicago, Ill., for respondent.

## Memorandum

LEIGHTON, District Judge.

This is an application by petitioner Equal Employment Opportunity Commission ("EEOC") to enforce three administrative subpoenas against respondent Appleton Electric Company ("Appleton"). Both parties have filed motions for summary judgment; and additionally, EEOC has moved for a protective order and sanctions. On consideration of all briefs, memoranda and oral arguments heard on Friday, December 23, 1983, the court grants EEOC's motion for summary judgment, denies respondent's and grants EEOC's motion for a protective order and sanctions. The material facts are as follows.

### I

On November 20, 1978, EEOC Commissioner Daniel E. Leach issued a charge against Appleton alleging that it had engaged in unlawful discrimination against Negroes and women with respect to recruitment, hiring, job assignment, training and promotional opportunities. This action was pursuant to Section 706(b) of Title VII, 42 U.S.C. § 2000e–5(b); and on March 4, 1981, the change was amended to allege a continuing violation from, at least, January 1, 1974 to March 4, 1981. On December 4, 1978, in accordance with standard agency practices, EEOC served notice on Appleton and proceeded to conduct an investigation.

Appleton, however, refused to respond to EEOC's requests for information, contending that the Commission's investigation was unlawful because the Office of Federal Contract Compliance had previously investigated the company. Due to Appleton's unwillingness to produce requested documents voluntarily, EEOC served it with an administrative subpoena. On April 15, 1979, EEOC denied a petition by Appleton contesting issuance of the subpoena.

Still Appleton refused to comply with the subpoena; consequently, EEOC commenced an action similar to this proceeding which was assigned to Judge Shadur of this court. Relying on the briefs of the parties, and the recommendation of Magistrate Cooley, Judge Shadur entered an order enforcing the subpoena. *EEOC v. Appleton Electric Company, slip op.* No. 79 C2100 (N.D.Ill., Aug. 26, 1980). Appleton's appeal to the Seventh Circuit was dismissed. (Ex. 2, EEOC's Motion for Protective Order and Sanctions).

EEOC proceeded with its investigation. Although Appleton granted the Commission access to some documents and some employees, the company's cooperation continued to be less than complete. Eventually, the Commission was forced to issue three additional subpoenas, CH 83–01, CH 83–02 and CH 83–03 (Ex. 2, Aff. of Kathleen Blunt), which directed Appleton employees Carmen McDonald, Ralph Smoot and Ron Richards each to appear for an additional interview. Even though these three employees had been interviewed once before, EEOC maintains that it has a legitimate reason for asking them more questions about Appleton's employment practices. The evidentiary information which will be obtained through compliance with these subpoenas, the Commission argues, is material, relevant, not unduly burdensome and not repetitive.

Nevertheless, Appleton sought, as before, to have the Commission revoke the subpoenas, only to have EEOC's District Director, and later the full Commission, deny its petition. The Commission again directed Appleton to comply with the subpoena requests. Appleton refused.

Accordingly, on November 23, 1983, EEOC filed with this court an application for enforcement of these subpoenas. Appleton has opposed the Commission's application by raising several affirmative defenses. On December 23, 1983, this court granted EEOC's motion for a protective order prohibiting Appleton from taking the depositions of Commission personnel.

## II

The first issue before this court is whether the subpoenas issued by EEOC should be enforced. The authority of the Commission to issue subpoenas in connection with an investigation is well settled. Section 710 of Title VII, 42 U.S.C. § 2000e–9, provides that

> for the purposes of all hearings and investigations conducted by the Commission or its duly authorized agents or agencies, Section 11 of the National La-

> bor Relations Act (49 Stat. 455; 29 U.S.C. 161) shall apply.

Section 11 of the National Labor Relations Act, 29 U.S.C. § 161(2), authorizes the issuance of subpoenas requiring the production of evidence, and further provides that:

> In case of contumacy or refusal to obey a subpoena to any person, any district court of the United States ... within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application of the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its members, agent or agency there to produce evidence if so ordered.

The subpoenas giving rise to this enforcement proceeding were issued pursuant to the guidelines of this statute.

 A federal district court will enforce an administrative subpoena where (1) the underlying investigation is within the agency's authority, (2) the subpoena is not too indefinite, and (3) the information requested is reasonably relevant. *EEOC v. A.E. Staley Mfg. Co.*, 711 F.2d 780, 783 (7th Cir.1983); *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 310 (7th Cir.1981). After reviewing the procedural history of this court concludes that enforceability of the subpoenas issued in this case is beyond question.

The subpoenas seek to obtain information about Appleton's employment practices that clearly is relevant to the agency's discrimination investigation. *See EEOC v. K-Mart Corp.*, 694 F.2d 1055 (6th Cir.1982); *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304 (7th Cir.1981). The fact that the Appleton employees have previously been questioned is not fatal to the EEOC's application. Leads uncovered by the Commission in the course of its investigation have made it necessary that certain employees of Appleton be questioned further regarding matters that were not fully delved into at initial interview sessions. It is apparent that the questioning proposed by petitioner

is neither repetitious nor frivolous.[1] Additionally, the court is completely satisfied from the submissions of the parties that the Commission is conducting its investigation in good faith.

■ There is, moreover, no basis for Appleton's argument that the subpoenas are unenforceable because the charge filed by the Commission fails to satisfy standards of factual specificity that this court properly should recognize. The Supreme Court has held "that the EEOC need make no showing of probable cause to suspect a violation of Title VII unless the employer raises a substantial question that judicial enforcement of the administrative subpoena would be abusive use of the court's process." *United States v. Powell,* 379 U.S. 48, 51, 85 S.Ct. 248, 251, 13 L.Ed.2d 112 (1964); *see also EEOC v. Bay Shipbuilding,* 668 F.2d at 312–313; *EEOC v. A.E. Staley Mfg. Co.,* 711 F.2d at 783–786; *EEOC v. University of New Mexico,* 504 F.2d 1296 (10th Cir.1974); *Graniteville Company (Sibley Division) v. EEOC,* 438 F.2d 32 (4th Cir.1971). The Court of Appeals for this Circuit has repeatedly recognized that it is through the investigation process that the Commission determines whether its discrimination charges have factual validity. *See, e.g., EEOC v. Bay Shipbuilding,* 668 F.2d at 312; *EEOC v. Staley,* 711 F.2d at 783. Issuance of a charge by the Commission does no more than commence an investigation. *General Employment Enterprises, Inc. v. EEOC,* 440 F.2d 783 (7th Cir.1971); *EEOC v. Staley,* 711 F.2d at 784. Accordingly, a charge need not set forth in detail specific underlying facts. Id. at 783–786. It is sufficient if it describes generally the allegedly discriminatory practices of an employer. See id. at 783, n. 2; 29 C.F.R. § 1601.12(b).

In this case, the Commission's charge easily satisfies this standard by alleging that "since January 1, 1974, respondent has engaged in unlawful discriminatory employment practices against blacks and women based on their race and sex with respect to recruitment, hiring, job assignment, training and promotional opportunity." (Petitioner's Mem. in Support of Summary Judgment, p. 6). The charge then proceeds to describe specific types of discrimination believed to be taking place in relation to specific job and training classifications. No more need be stated in the charge. See *EEOC v. Staley,* 711 F.2d at 782 n. 1 (upholding validity of similar charge). Appleton's factual specificity argument is even more tenuous because Magistrate Cooley and Judge Shadur previously upheld the validity of the charge in the prior subpoena enforcement proceeding brought by EEOC. See *EEOC v. Appleton,* slip op. No. 79 C 2100 (N.D.Ill. Aug. 26, 1980).

However, Appleton, relying on a decision of the Court of Appeals for the Eighth Circuit, persists in arguing that the Commission is obligated to set forth specific facts in the charge. See *Shell Oil Co. v. United States EEOC,* 676 F.2d 322 (8th Cir.1982), *cert. granted,* 459 U.S. 1199, 103 S.Ct. 1181, 75 L.Ed.2d 429. In that case, the court declined to enforce EEOC's subpoena duces tecum because, in its judgment, the charge contained insufficient factual allegations. *Shell Oil,* supra at 324–26. The court, citing Section 706(b) of Title VII, 42 U.S.C. § 2000e et seq., imposed a requirement of factual specificity for administrative discrimination charges that never before had been recognized. Accordingly, EEOC's application for enforcement of the subpoena was denied due to its failure to set out with particularity the date and circumstances of the employer's alleged discriminatory practices.

1. A letter sent by the Commission to Appleton on November 22, 1982, explicated the nature of the information that the Commission was seeking to obtain from the second round of interviews of respondent's employees. It specifically pointed out that the interviews would not duplicate past interviews which were focused on the sequence of the employment process and the locus of decision making; rather, the Commission was seeking to acquire information about operating procedures that the subpoenaed employees are directly responsible for in screening applicants for blue collar and office clerical positions.

The reasoning of the Shell Oil decision is at odds with decisions of the Supreme Court and Courts of Appeals other than the Eighth Circuit which have consistently recognized that the ability of federal agencies to fulfill their duties would be unjustifiably hampered if they were required to set forth in detail specific facts justifying an investigation. *See, e.g., United States v. Powell,* 379 U.S. 48, 51, 85 S.Ct. 248, 251, 13 L.Ed.2d 112 (1964); *Marshall v. Barlow's Inc.,* 436 U.S. 307, 320, 98 S.Ct. 1816, 1824, 56 L.Ed.2d 305 (1978); *EEOC v. Bay Shipbuilding Corp.,* 668 F.2d at 312–313. *EEOC v. K-Mart Corp.,* 694 F.2d 1055 (6th Cir.1982). Consequently, *Shell Oil* was pointedly and emphatically rejected by the Court of Appeals for this Circuit in a recent opinion. *EEOC v. Staley,* 711 F.2d at 785–787. Furthermore, the fact the Supreme Court granted certiorari indicates a likelihood, in this court's estimation, that *Shell Oil* will be reversed.

Chief Judge Lay's dissenting opinion in the denial of a petition for rehearing the case accents the shaky ground on which the opinion stands. *See Shell Oil v. EEOC,* 676 F.2d 322, *reh'g. denied,* 689 F.2d 757 (8th Cir.1982) (Lay, C.J., dissenting), *cert. granted,* 459 U.S. 1199, 103 S.Ct. 1181, 75 L.Ed.2d 429. The dissent notes that the majority opinion deviates "far beyond any court of appeals in requiring detailed pleadings to support an administrative subpoena." *Shell Oil,* 689 F.2d at 757 (Lay, C.J., dissenting). The dissent highlights the impracticability of requiring EEOC to show reasonable cause before it can conduct an investigation. The majority's opinion was characterized as "supported neither by logic nor precedent, and would severely undermine the Commission's ability to bring commissioner's charges of discriminatory patterns and practices as authorized under 42 U.S.C. § 2000e–5." *Shell Oil,* 689 F.2d at 759. This court agrees with the wisdom of Chief Judge Lay's dissent.

Needless to say, *Shell Oil* will not be followed by this court. In this instance, the factual basis of the Commission's charge, or lack thereof, will be apparent when the investigation is completed. Thereafter, the charge will either be substantiated and pursued or unsubstantiated and dismissed. Until this point, the Commission need not set forth the factual underpinnings of its discrimination charge.

Appleton's assertion of the defense of laches likewise is meritless. Contrary to Appleton's claim that the Commission is responsible for unreasonably prolonging the investigation, the court finds that delays in the investigation primarily have been caused by Appleton itself. Throughout the investigation, respondent has endeavored to thwart or circumvent the Commission's requests. Any prejudice caused by the five-year-old investigation is largely a consequence of Appleton's own intransigence. The defense of laches is unsubstantiated and, therefore, is rejected.

Appleton's claim of undue burden also is unfounded. It is well settled that investigations which do not threaten the normal operation of respondent's business are permissible. *Bay Shipbuilding, supra* at 313; *F.T.C. v. Rockefeller,* 591 F.2d 182, 191 (2d Cir.1979). Respondent has not shown that the subpoenas threaten, in any way, Appleton's normal business operations. Since this case presents none of the exceptional circumstances which might warrant holding an evidentiary hearing, petitioner EEOC is entitled to summary enforcement of its subpoenas. *See EEOC v. Staley,* 711 F.2d at 788.

### III

This court further finds that the EEOC is entitled to sanctions in the nature of costs and fees incurred in enforcing the subpoenas of the three named Appleton employees. It is apparent that Appleton's conduct throughout this investigation has been designed to hamper and frustrate the Commission. The delay of five years is not because the case or investigation is exceedingly complex, but appears to have occurred chiefly because of the skill of respondent's attorneys in taking advantage of every opportunity for delay that they

have managed to create. As petitioner points out:

Appleton has continuously resisted the Commission's investigation of this charge, starting in 1979 by refusing to comply with an earlier subpoena petitioning the Local District Director to revoke their appeal to the full Commission, filing suit in District Court, appealing Magistrate Cooley's recommendation, appealing Judge Shadur's adoption of the Magistrate's Report, and appealing to the Seventh Circuit—*losing on every level,* up to the Seventh Circuit's summary dismissal.

(Petitioner EEOC's Motion for Protective Order and Sanctions, p. 4) (emphasis in original).

Additionally, Appleton makes unsubstantiated assertions regarding the burdensome load it is being asked to bear, the redundancy of the subpoenas, and the lack of relevance of the material sought to be uncovered. Respondent boldly attempts to convince this court that it was EEOC which fostered the delays. The only reasonable conclusion this court can reach is that the respondent's conduct is dilatory.

Appleton's grounds for resisting the subpoena are baseless. The failure to allege any substantive defenses which are supported by facts leads this court to the conclusion that the reason behind the respondent's various actions was only to delay the investigation. This court will not countenance the dilatory behavior evinced by respondent.

In order to promote the efficient administration of justice and to enable federal agencies to conduct fair and reasonable investigations, unwarranted, vexatious tactics by a party cannot be tolerated. Pursuant to the Federal Rules of Civil Procedure, this court has authority to grant sanctions against parties and their counsel who use dilatory tactics to perpetuate litigation.

Federal rule 11 states:
The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information and belief there is a good ground to support it; and *that it is not intended for delay.*

Fed.R.Civ.P. 11 (1983) (emphasis added). Additionally, 28 U.S.C. § 1927 (1983) provides:

Any attorney...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excessive costs, expenses, and attorneys fees reasonably incurred because of such conduct.

Applying these legal standards to the facts of this case, the court holds that the conduct of respondent and its counsel unreasonably and vexatiously delayed the Commission's investigation. Therefore, all reasonable costs incurred, including attorney's fees, are hereby granted to petitioner. Accordingly, for the reasons stated, the court will enter an order that grants petitioner's motion for summary judgment, denies respondent's motion for summary judgment, and grants petitioner's motion for sanctions. Petitioner is invited to submit for review by the court a properly supported fee petition which details costs and expenses incurred in connection with this enforcement proceeding.

So ordered.